UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM TIMOTHY PERRIN, individually and on behalf of other similarly situated individuals, ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:09CV01335 AGF |
| PAPA JOHN'S INTERNATIONAL, INC., and PAPA JOHN'S USA, INC., ) ) ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff has filed this purported class action under the Fair Labor Standards Act and various state wage and hours statutes. This matter is presently before the Court on Defendants' Motion to Dismiss (Doc. 60). Defendants Papa John's International, Inc. and Papa John's USA, Inc. seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.[1] For the reasons set forth below, the Court will deny Defendants' motion as to Plaintiff's claims for the time period including "the last approximately five months of 2008," and as to the collective and class action claims, but will grant the Defendant's motion with respect to Plaintiff's individual claims for the period of January-May 2009.

---

[1] Defendants filed a request for a hearing on their motion [Doc. #82] but inasmuch as the motion raises essentially legal issues, the Court has determined that a hearing is unnecessary.

**Background**

Defendants operate over 500 pizza restaurants nationally. The named Plaintiff, William Perrin, is employed by Defendants as a delivery driver in Missouri, and brings this action on his own behalf and on behalf of all other similarly situated delivery drivers. Plaintiff alleges that for "the last approximately five months of 2008," when the federal minimum wage rate was $6.55 per hour, he was paid a wage of $6.80 per hour, supplemented by a per-delivery reimbursement amount for his automobile expenses, including "gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, and depreciation" ("automobile expenses"). Plaintiff further alleges that until May 2009, Defendants paid all of their other delivery drivers an hourly wage "at or very near the applicable federal or state minimum wage," also supplemented by a per-delivery reimbursement amount for their automobile expenses. Plaintiff asserts, however, that the reimbursement method underestimated both the automobile expenses per mile incurred by the delivery drivers and the number of miles driven by the delivery drivers, with the net result that the delivery drivers were reimbursed less than their reasonably approximated automobile expenses.

Plaintiff argues that the gap between the delivery drivers' reasonably approximated automobile expenses and the reimbursement amount resulted in a "kickback" to Defendants, and that this kickback was sufficiently large to reduce the delivery drivers' wages to a rate below the minimum wage. As a result, Plaintiff claims that he and the other delivery drivers were deprived of the minimum wage guaranteed to them under the

federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the wage and hours laws of Missouri, Arizona, Florida, Illinois, Maryland, and North Carolina ("the States").[2] Count I is brought under the FLSA as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Count II is brought for violation of the wage and hour laws of the States as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Defendants argue that the Second Amended Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to state a claim upon which relief can be granted. Defendants assert that Plaintiff's claims are speculative, conclusory, and lack factual specificity as to actual amounts that the drivers incurred for un-reimbursed job related expenses. Alternatively, Defendants argue that Count II should be dismissed because the requirements for an opt-in FLSA collective claim are inherently incompatible with the requirements of a class action under Rule 23.

**Motion to Dismiss Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and [designed] to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) (citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough

---

[2]Other delivery drivers who have consented to join this action worked in these states.

facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Id. at 556. As the United States Supreme Court recently reiterated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.

Under this standard, the task of a court is "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible"). "This is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).

Upon considering a motion to dismiss, a federal court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007); Davenport v. Farmers Ins. Grp., 378 F.3d 839, 842 (2004).

## Analysis

1. **Factual Sufficiency**

    a. *Sufficiency of Pleading Individual Claims*

Defendants argue that Plaintiff cannot state a plausible claim for minimum wage violations because he can only speculate that his wages fell below the required minimum wage or that Defendants failed to reasonably approximate his actual expenses. In his complaint, Plaintiff asserts that his actual automobile expenses during the "late - 2008 time period" were at least $.40 per mile. As evidence of the reasonableness of this estimate, Plaintiff recites the higher IRS business mileage reimbursement rate during this time period, as well as the higher rates established by "reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including AAA." Doc. 54, ¶ 21. Defendants assert that Plaintiff's own estimate of his expenses and reimbursement rates set by others, such as the IRS or AAA, are insufficient to satisfy the pleading requirements set forth in Iqbal and Twombly. Defendants further contend that while employers reimbursing employees for their business-related expenses are only required to reasonably approximate those expenses, Plaintiff cannot credibly allege his business-related expenses using his personal approximations or third parties' reimbursement rates.

In response, Plaintiff points to Wass v. NPC International, Case No. 09-2254-JWL (D. Kan. Sept. 1, 2010), a case similar to this one, in which pizza delivery drivers asserted that the employers provided under-reimbursement of vehicle expenses, which

they claimed led to an alleged violation of minimum wage laws. In Wass, the court rejected the defendants' argument that the amended complaint failed to satisfy the Twombly standard, and found that the amended complaint stated plausible claims by Mr. Wass and plausible collective and class action claims on behalf of other drivers. Here, Plaintiff argues that his claims are similarly plausible because he structured his complaint specifically so that it would closely mirror that in Wass.

Defendants respond that Wass is not binding on this Court and further assert that Wass is not definitive authority, noting and citing to cases currently pending in other districts wherein similar pleadings are at issue. While Wass is neither binding nor definitive here, the Court is persuaded by its reasoning.

As the court in Wass asserted, even if one concedes that drivers cannot realistically determine their actual expenses, it does not automatically follow that the plaintiffs cannot state a plausible claim. Wass, Case No. 09-2254-JWL, at 7-8. "It is not implausible to suggest that drivers may be able to estimate their expenses without knowing their actual expenses incurred." Id. at 8. In support, the Wass court cited Robinson v. Food Service of Belton, Inc., 415 F. Supp. 2d 1232 (D. Kan. 2005), which established that "FLSA plaintiffs could rely on estimates instead of actual figures if evidence allowed such a reasonable inference." Wass, Case No. 09-2254-JWL, at 8. Defendants respond that Robinson did not involve an alleged "kickback" arising from unreimbursed business expenses, nor did it concern a party's pleading obligations under Iqbal and Twombly. But Robinson, like the present case, was a FLSA case concerning

unpaid minimum wage compensation, and the Court is persuaded by the holdings and reasoning in Wass and Robinson, particularly at this stage of the proceedings. Moreover, Wass and Robinson are not the only courts to have found pleadings similar to Plaintiff's, to be sufficient under Iqbal.  See, e.g., Toy v. TriWire Eng. Solutions, Inc., No. C10-192951, 2011 WL 221832, at *2-3 (N.D.Cal. Jan. 24, 2011) (denying motion to dismiss claims asserted under state labor laws, including allegations that plaintiff "received $66 per pay period for vehicle related expenses, but that amount did not cover his expenses"); Nicholson v. UTI Worldwide, Inc., No. 3:09-CV-722-JPG-DGW, 2010 WL 551551, at *3-4 (S.D. Ill. Feb. 12, 2010) (rejecting notion that *Bell Atlantic* requires "extensive, detailed pleadings of FLSA claims, "but dismissing minimum wage claim because it would not state claim under facts pled); see generally, McDonald v. Kellogg Co., No. 08-2473-JWL, 2009 WL 1125830, at *1-2 (D. Kan. April 27, 2009) (rejecting a heightened standard of pleading for FLSA cases).

To survive a motion to dismiss, a plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely."  Braden v. Wal-Mart Stores, 588 F.3d 585, 594 (8th Cir. 2009) (citation omitted).  Plaintiff has alleged as follows: that he "was paid $6.80 per hour during the last approximately five months of 2008," when the federal minimum wage was $6.55 per hour; that in "the late-2008 time period," Defendants reimbursed him at a rate of $1.15 per delivery; that throughout his employment, he experienced an average delivery

distance of approximately five miles, leading to an average effective reimbursement rate during the late 2008 time period of $0.23 per mile ($1.15 per delivery / 5 miles per delivery); that his automobile expenses were no less than approximately $0.40 per mile; that he typically worked 30-35 hours per week; and that he averaged approximately 3 deliveries per hour. These figures would yield an under-reimbursement of approximately $2.55 per hour worked ($0.40/mile - $0.23/mile = $0.17/mile; $0.17/mile x 5 miles/delivery = $0.85/delivery; $0.85/delivery x 3 deliveries / hr = $2.55 / hr). Because Plaintiff was paid $6.80, a wage that exceeded the minimum wage by $0.25, an under-reimbursement of $2.55 per hour worked supports a claim for a minimum-wage violation.

Plaintiff's complaint raises a plausible inference that Defendants did not reasonably approximate his expenses in reimbursing him during the late-2008 time period. Whether this inference will prove to be correct is not an issue to be determined on a motion to dismiss, and this ruling is not intended to signal that Plaintiff will ultimately recover on his claim of minimum wage violations. See Hamilton v. Palm, 621 F.3d 816, 818-19 (8th Cir. 2010) (finding that the plaintiff adequately raised plausible inferences of both employee and independent contractor status, and noting that the propriety of the inferences was not a matter for final determination on a motion to dismiss, nor was the ruling an indication that Plaintiff would ultimately recover on his claim of employer negligence); accord, Nicholson, 2010 WL 551551, at *3 (recognizing, "'a complaint need not make a case against a defendant or *forecast evidence* sufficient to

*prove* an element of the claim. He need only *allege facts* sufficient to *state* elements of the claim.'") (quoting Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005)).

The Court recognizes that similar minimum-wage FLSA cases have been dismissed at the pleading stage for lack of factual specificity. However, the Court finds those cases distinguishable with respect to Plaintiff's claims for the late-2008 time period. In Bailey v. Border Foods, No. 09-01230 (RHK/AJB), 2009 WL 3248305 (D. Minn. Oct. 6, 2009), the court, in dismissing "kickback" claims by pizza delivery drivers for failure adequately to plead facts supporting their claims, noted that the Plaintiffs failed to identify their hourly pay rates, the amount of their per-delivery reimbursements, the amounts generally expended in delivering pizzas, or "any facts that would permit the court to infer that Plaintiffs actually received less than minimum wage," instead simply providing the conclusory statement that "[a]s a result of the travel expenses incurred, Plaintiffs . . . were systematically deprived of the minimum wage." Similarly, in Jones v. Casey's Gen. Stores, 538 F. Supp. 2d 1094, 1103 & n.4 (S.D. Iowa 2008), the court in dismissing the plaintiff's minimum wage collective action claim due to lack of factual support, noted that four of the plaintiffs earned wages that would put them above the federal wage even when taking into account the time for which they were not paid, and rejected Plaintiff's argument that the matter was one "for discovery and evidence" simply because other plaintiffs "may" have had a claim. In Zhong v. August August Corp, 498 F. Supp. 2d 625, 629-30 (S.D.N.Y. 2007), the court allowed the FLSA minimum wage allegations of the plaintiff who claimed to have worked for "twenty hours per week,

spread out over six days per week, at a wage of $10.00 per day, for a total of (roughly) twenty weeks," but rejected the plaintiff's allegation to have "regularly worked overtime hours," because, based on the other more specific allegations, it was evident that the plaintiff worked a total of only approximately 20 hours per week, and overtime compensation is only available for hours worked in excess of 40 per week. Here, the facts asserted by Plaintiff, if properly proven, could support a claim.

Defendants further argue that Plaintiff cannot substitute facts with expert testimony. At this point, Plaintiff has not proffered any expert testimony. He has merely expressed intent to use such testimony in the future. Whether Plaintiff's as-yet unidentified expert witnesses should be excluded need not be determined at this point in the proceedings.

A different issue is presented, however, with respect to the relevant time period alleged. The Court notes that Plaintiff's factual allegations, for the most part, refer only to the late-2008 time period. He alleges his salary for the last approximately five months of 2008, and expresses his alleged reimbursement rate and estimated automobile expenses in terms of the same time period. Outside of the late-2008 time period, Plaintiff has not pleaded facts that would allow the court to infer that he received less than the minimum wage. Without knowing what Plaintiff was paid from January - May 2009, for example, the Court has no way to ascertain whether his wages fell below the minimum wage for that time period. As such, only those claims that relate to the late-2008 time period are permissible. See Bailey, 2009 WL 3248305, at *2-3.

Accordingly, the Court concludes that Plaintiff has stated plausible claims, as required under Twombly and Iqbal, for the late-2008 time period, but the Court will dismiss, without prejudice, his individual claims for the period of January - May 2009.

b. *Sufficiency of Pleading Collective and Class Action Claims*

Defendants argue that Plaintiff's allegations regarding putative plaintiffs do not support a plausible claim for either class or collective action relief under the pleading requirements in Iqbal and Twombly. Defendants assert that Plaintiff merely assumes that others' experiences were similar to his own and that he fails to provide facts "connecting the dots" between his claims and the claims of the putative plaintiffs. The Court does not find it implausible that the putative plaintiffs could have had similar experiences to Plaintiff. Plaintiff has alleged that they were all employed as delivery drivers with Defendants, and they were all subject to the same pay policies and practices. He alleges that they were all subject to similar driving conditions, incurred similar automobile expenses, and experienced similar delivery distances and frequencies. He further alleges that they were also subject to the same reimbursement policy, which Plaintiff argues systematically deprived them all of reasonably approximate reimbursements.

Further, with respect to the collective and class action claims, Plaintiff has alleged: that all of Defendants' other delivery drivers were paid at or near the federal or state minimum wage prior to May 2009; that studies during the applicable limitations period by reputable companies estimate that the average cost of owning and operating a vehicle ranges between $0.45 and $0.55 per mile; that the IRS business mileage reimbursement

rate during the same period ranged between $0.445 and $0.585 per mile; that delivery drivers incur more frequent maintenance costs and higher costs due to repairs associated with driving than the average driver and experience more rapid depreciation, lower gas mileage, and higher repair costs due to the driving conditions and the nature of the delivery business, including "frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures"; that all of Defendants' delivery drivers were reimbursed for their automobile expenses at substantially similar reimbursement rates; that the delivery drivers "completed deliveries of similar distances and at similar frequencies" as Plaintiff Perrin; and that the reimbursement rates ranged between $0.15 and $0.24 per mile. Based on Plaintiff's assertion that drivers typically drove 5 miles per delivery and made 3 deliveries per hour, a $0.20 gap ($0.445 - $0.24) would result in an under-reimbursement of about $1.00 per delivery, or $3.00 per hour. This gap is sufficient to support a plausible allegation of under-reimbursement by Defendants of their drivers generally. See Bank of America Wage and Hour Employment Litigation, No. 10-MD-2138-JWL, 2010 WL 4180567, at *5 & n. 2 (D.Kan. Oct. 20, 2010) (holding that factual content of complaint permitted inference that all call center employees were subject to the alleged overtime violations).

Defendants argue that delivery drivers' automobile expenses vary on account of a number of variables, such as geography or the type, make, model, age, and condition of an employee's vehicle. Plaintiff counters, however, that because Defendants use the same reimbursement methodology with respect to all delivery drivers nationwide,

reimbursements would be higher in areas where expenses are higher.  As a result, while the amount of the actual reimbursements per delivery "var[ies] over time and based on geographic issues such as the price of gas and other cost differences," the under-reimbursement gap is consistent across the country.

Plaintiff may or may not succeed in proving his claims with respect to other drivers, but at this stage of the case he has set forth sufficient facts to support a plausible allegation of an under-reimbursement large enough to support a claim that Defendants did not reasonably approximate the delivery drivers' expenses.  Plaintiff has alleged that Defendants' delivery drivers were paid at or near the federal minimum wage, and that Defendants did not generally pay their delivery drivers more the $2.00 over the federal minimum wage during the limitations period.  As such, the alleged reimbursement gap of $3.00 per hour would be sufficiently large to support a plausible claim that the under-reimbursement brought the Plaintiffs below the federal minimum wage.

For these reasons, the Court concludes that Plaintiff has stated plausible claims, as required under Twombly and Iqbal, for the collective and class action relief sought in his complaint.

### 2. Incompatibility

Defendants also argue that Plaintiff's FLSA collective action claims and Rule 23 state action claims are incompatible.  However, the issue of whether to allow Plaintiff's FLSA collective action to proceed simultaneously with his Rule 23 state action is essentially one of practicability.  Courts are split on the matter.  See Salazar v.

Agriprocessors, Inc., 527 F. Supp. 2d 873, 881-87 (N.D. Iowa 2007) (citing cases and holding that opt-in class certification provision of FLSA, requiring class members to affirmatively join in FLSA lawsuit, did not expressly prohibit the exercise of supplemental jurisdiction over state minimum wage claims of opt-out class members; thus, exercise of supplemental jurisdiction was not barred on that basis, and no other basis for declining supplemental jurisdiction of the state class action claim existed); see also Osby v. Citigroup, Inc., 2008 WL 2074102, at *3 n.2 (W.D. Mo. May 14, 2008) ("District court cases permitting FLSA collective actions to proceed simultaneously with Rule 23 state actions are legion.").

This Court believes that the better approach is to allow both actions to proceed together in federal court. At this stage of the proceedings the Court is not convinced that both claims cannot be effectively adjudicated in this one action by proper case management.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Papa John's International, Inc. and Papa John's USA, Inc.'s Motion to Dismiss (Doc. 60) is **GRANTED** in part and **DENIED** in part. Defendants' motion to dismiss is denied in all respects, except with regard to Plaintiff Perrin's individual claims for the period of January-May 2009, which are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants' motion for hearing [Doc. #82] is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2011.