UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM TIMOTHY PERRIN, individually and on behalf of other similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:09CV01335 AGF ) |
| PAPA JOHN'S INTERNATIONAL, INC., and PAPA JOHN'S USA, INC., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on Plaintiff's Motion for Conditional Class Certification [Doc. No. 101].[1] The named Plaintiff, William Perrin,[2] brings this

---

[1] Defendants filed a request for a consolidated hearing [Doc. No. 124] on the instant motion and on the previously filed motion to dismiss [Doc. No. 60]. The Court has determined that a hearing is unnecessary. The Court declined to hold a hearing with respect to the motion to dismiss as that motion involved essentially legal issues. Although the motion for conditional class certification raises limited factual issues, they have been well documented by the parties in transcript excerpts and exhibits. Moreover, the Court is generally prohibited from making credibility determinations at this stage of the proceedings. *See, e.g., Lukien v. Papa John's Pizza, LLC*, No. 09CV00516 DWF, 2010 WL 2545875, at*2 (D.Minn. June 21, 2010) (court need not make credibility determinations or findings of fact with respect to contradictory evidence submitted by parties at conditional class certification stage).

[2] Since the filing of this case, numerous Papa John's employees have filed consents to join this action even though it has not yet been certified as a collective action. action.

action on his own behalf and on behalf of all other similarly situated pizza delivery drivers employed by Defendants Papa John's International, Inc., and Papa John's USA, Inc. (hereinafter collectively referred to as "Papa John's").

Plaintiff brings this purported class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., and the wage and hours statutes of various states. Plaintiff alleges that Papa John's violated the FLSA and the wage and hours laws of Missouri, Arizona, Florida, Illinois, Maryland, and North Carolina ("the States")[3] by applying an automobile expense reimbursement methodology that underestimated both the automobile expenses incurred by the delivery drivers and the number of miles they drove. Plaintiff further asserts that as a result of this reimbursement methodology, Papa John's reimbursed its delivery drivers much less than their reasonably approximated automobile expenses. In addition, Plaintiff alleges that the gap between the delivery drivers' reasonably approximated automobile expenses and the reimbursement amount was sufficiently large to effectively reduce the delivery drivers' wages to a rate below the minimum wage. As a result, Plaintiff claims that he and other similarly situated delivery drivers were deprived of the minimum wage guaranteed to them under the FLSA and the wage and hours laws of the States.

---

[3] Other delivery drivers who have consented to join this action work or worked in these states.

Plaintiff moves pursuant to § 216(b) of the FLSA for an order conditionally certifying this case as a collective action;[4] authorizing Plaintiff to send notice of this case to all current and former Papa John's delivery drivers employed by Papa John's at any time during the last three years; requiring Papa John's to provide Plaintiff's counsel with a readable electronic data file containing the names, last known addresses, dates of employment, and restaurant store name and number for each such current and former employee; and ordering Papa John's to post the notice in the employee areas of the stores where delivery drivers work.

**Background**

Papa John's operates a national chain of pizza restaurants which provide delivery services. All delivery drivers have the same duties, delivering food items to customers. Papa John's requires delivery drivers to provide their own vehicles, and that their vehicles be registered, insured, safe, and in good repair. Papa John's also requires delivery drivers to pay out-of-pocket any "automobile expenses" incurred in making deliveries. Automobile expenses include gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, and depreciation attributable to delivery duties. Pursuant to the reimbursement methodology of Papa John's, which applies to all delivery drivers, drivers receive a flat fee for each delivery made regardless of the distance

---

[4] Count II of the complaint is brought as a claim for violation of the wage and hour laws of the States and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but the time for requesting Rule 23 class certification has not yet expired.

traveled. Papa John's does not track delivery drivers' mileage and does not require the drivers to do so.

Plaintiff's allegations, and the declarations, affidavits, deposition testimony and answers to written discovery requests submitted in support of the motion for conditional certification, provide substantial support for the following assertions. During the time period relevant to this suit, the federal minimum wage was $6.55 per hour, and Plaintiff was paid $6.80 per hour, supplemented by the per-delivery reimbursement amount for his automobile expenses. During this same time period, Papa John's paid all of its delivery drivers an hourly wage "at or very near the applicable federal or state minimum wage,"[5] and the maximum delivery reimbursement was approximately $1.25 per delivery. In addition, delivery drivers made approximately three deliveries per hour and the estimated average distance driven for a single delivery was five miles. It is undisputed that Papa John's does not disclose the reimbursement formula to its delivery drivers.

Plaintiff asserts that when the average mileage per delivery is applied to the maximum reimbursement rate, he and the putative members of the class received reimbursement of approximately $0.23 - 0.30 per mile.[6] Plaintiff also alleges that when

---

[5] Papa John's asserts that the "tip-credit" hourly rate adopted in 2009 vitiates Plaintiff's claim. However, Plaintiff has asserted a "colorable claim", as required at this stage of the proceedings, that use of the "tip- credit" does not cure the alleged minimum wage violation. [Doc. No. 54, p. 10 ¶40].

[6] During the same time period, the IRS mileage reimbursement rate ranged from $.044 - 0.58 per mile, and the average business mileage reimbursement rate established by "reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates," including the American Automobile Association, ranged between $0.45-0.55 per mile. [Doc. 54, at ¶ 21].

the average mileage per delivery is applied to this reimbursement rate, he and the putative members of the class incurred actual automobile expenses of at least $.40 per mile. Plaintiff avers that this reimbursement methodology resulted in an effective hourly wage of less than the required minimum, although they do not know their actual effective rate of pay.

**Conditional Class Certification under the FLSA**

The FLSA and regulations thereunder require employers to pay employees the minimum wage "free and clear" of other monetary obligations to the employer. 29 C.F.R. § 531.35. In addition, the FLSA provides that an action may be maintained "by any . . . employee[ ] for and in behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay the minimum wage. 29 U.S.C. § 216(b). Such an action is known as a "collective action."[7] *See, e.g.*, *Smith v. Heartland Auto. Servs., Inc.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005). In an FLSA collective action, similarly situated employees may "opt-in" to the suit in order to benefit from its results. *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005). The FLSA does not define "similarly situated," and the Eighth Circuit Court of Appeals has not yet defined a standard for determining whether potential opt-in plaintiffs are "similarly

---

[7] A §216(b) collective action differs from a class action brought under Rule 23 of the Federal Rules of Civil Procedure. *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005). Under Rule 23, a putative class member must "opt-out" to avoid being bound by the judgment, as opposed to "opting in" under § 216(b). *Id.; see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the § 216(b) "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standard).

situated" under § 216(b).  District courts in this Circuit, however, consistently apply a two-step analysis to the question of conditional certification.  *See*, *e.g., Nobles v. State Farm Mut. Auto. Ins. Co.,* No. 2:10CV04175 JGC, 2011 WL 3794021, at *9 ( W.D. Mo. August 25, 2011)*; Beasely v. GC Servs. LP,* No. 4:09CV01748 CDP, slip op. at 4 (E.D. Mo. Oct. 6, 2010)*; Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010); *Dietrich v. Liberty Square LLC.*, 230 F.R.D. 574, 576-77 (N.D. Iowa 2005).

In performing the two-step analysis, courts first consider whether the class should be conditionally certified for notification and discovery purposes.  At this stage, the inquiry is whether a plaintiff has come forward with evidence establishing a "'colorable basis . . . that the putative class members were the victims of a single decision, policy, or plan.'" *Luiken,* 2010 WL 2545875, at *2 (quoting *Dege v. Hutchinson Tech., Inc*., No. 06-3754 (DWF/RLE), 2007 WL 586787, at *1 (D. Minn. Feb. 22, 2007) (citations omitted)). Conditional certification at the notice stage requires "substantial allegations," but nothing more.  *Beasely,* No. 4:09CV01748 CDP, slip op. at 5 (citing *Davis,* 408 F. Supp. 2d at 815).  At this point in the proceedings, the court does not reach the merits of the plaintiff's claims, nor is the plaintiff's burden onerous.  *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007); *Fast v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007); *Heartland*, 404 F. Supp. 2d 1144, 1149.  Moreover, at this initial stage, the court should not make credibility determinations or findings of fact with respect to contrary evidence presented by the parties.  *Luiken*, 2010 WL 2545875, at *2.  Finally, to make

substantial allegations that class members are similarly situated, a plaintiff need not show them to be "*identically* situated." *Fast*, 243 F.R.D. at 363 (emphasis added); *see also Beasely,* No. 4:09CV01748 CDP, slip op. at 5 .

In the second or intermediate stage, which occurs after discovery is well-advanced or complete, courts conduct a more stringent inquiry exploring several factors, including the extent and consequences of the differing circumstances applicable to individual plaintiffs, available defenses and the extent to which they are unique to each individual plaintiff, and other fairness and procedural considerations. *Bass v. PJCOMN,* No. 09-CV-01614 REB, slip op. at 4. (D. Colo. Sept.15, 2010); *Luiken*, 2010 WL 2545875, at *2. In addition, at the second step of the process, the defendant may move, and the court may determine, to decertify the class. *Kautsch*, 504 F. Supp. 2d at 688. This is typically done after the close of discovery, on a fully developed record that permits the court to make a factual determination as to whether the members of the conditionally certified class are indeed similarly situated. *Davis*, 408 F. Supp. 2d at 815.

**Analysis**

There is some dispute about whether this case is at the first or second step of the collective action certification process. Papa John's asserts that sufficient discovery preceded the filing of the motion for conditional class certification to justify application of the more rigorous second level of scrutiny. The Court does not agree. It appears that no more than preliminary written discovery and the taking of a few depositions preceded the filing of this motion. At this juncture, Papa John's has offered the deposition testimony of

only three delivery drivers in its efforts to refute Plaintiff's allegations. In addition, although the parties have provided information gleaned from discovery regarding the nature and application of reimbursement methodologies of Papa John's, the record before the Court is neither exhaustive nor detailed enough to permit the exercise of more rigorous review. The discovery which preceded the filing of this motion forms a sufficient basis for an initial certification determination, but is not sufficient to warrant application of the second or intermediate level of review. *See, e.g., Lyons v. Ameriprise Fin., Inc.,* No. 10-503 RHK, 2010 WL 3733565, at *3 (D. Minn. Sept. 20, 2010) (rejecting intermediate standard because discovery was far from complete); *Helmert v. Butterball*, No. 4:08CV00342 JLH, 2009 WL 5066759, at *6-7 (E.D. Ark. Dec. 15, 2009) (refusing to apply heightened or intermediate standard until all discovery was completed).

Applying the lenient, first-step standard to the record before it, the Court concludes that Plaintiff has cleared the relatively low hurdle of demonstrating that conditional certification of the § 216(b) collective action is appropriate. Plaintiff has come forward with detailed, substantial allegations that he and the delivery drivers he seeks to represent are subject to a single policy that systematically under-reimbursed them for automobile expenses incurred in the course of their employment with Papa John's, and thus yielded an hourly rate of pay less than the applicable minimum wage. Third Amended Complaint ¶¶ 37-50.

Papa John's argues that Plaintiff's allegations are conclusory and lacking in sufficient detail to support conditional certification. The Court does not agree. The

relatively specific allegations of the complaint, having survived a motion to dismiss, are further bolstered by additional data garnered from initial discovery and the declarations of other potential opt-in plaintiffs. *See Wass v. NPC Int'l, Inc.,* No. 09-2254 JWL, slip op. at 10-11(D. Kan. March 28, 2011) (certifying conditional class of delivery drivers and noting that specific allegations were sufficient despite the defendant's characterization of them as "boilerplate" and "unreliable"); *see also Loomis v. CUSA LLC*, 257 F.R.D. 674, 676 (D. Minn. 2009) (finding that the court does not make credibility determinations or findings of fact with respect to contradictory evidence submitted by the parties at this initial stage). Moreover, the Court may not assess credibility at this juncture, and Papa John's has provided no basis for a determination that the allegations are merely a "sham." *Wass v. NPC Int'l, Inc.,* No. 09-2254 JWL, slip op. at 11.

Plaintiff has asserted that the members of the proposed class are similarly situated because Papa John's reimbursed them according to similar, albeit not identical, policies. In addition, Plaintiff has alleged the application and effect of the reimbursement methodology in sufficient detail to allow the identification and notification of proposed members of the collective action who were subject to similar policies. *See Bishop v. AT&T Corp.*, 256 F.R.D. 503, 507 (W.D. Pa. 2009) (conditionally certifying collective action involving unpaid overtime at call centers and noting that "[e]numerating the specifics of how each call center accounts for employee work hours does not counter an allegation of a common policy of denying payment for such hours"); *Busler v. Enersys Energy Prods., Inc.*, No. 09-00159-CV-W-FJG, 2009 WL 2998970, at *3 (W.D. Mo. Sept. 16, 2009) (conditionally certifying

collective action, despite potential distinctions among potential plaintiffs, because the plaintiff presented enough evidence at initial stage that employees were "similarly situated and subject to a common practice").

That the reimbursement methodology Papa John's used might vary over time and from location to location, does not mean that the named Plaintiff and the putative class members are not similarly situated. *See, e.g., Wass,* No. 09CV2254 JWL, slip op. at12-13 (variations in individual vehicle expenses and in application of a common reimbursement policy do not refute substantial allegations that the plaintiffs are similarly situated)*; Busler,* 2009 WL 2998970, at *3 (common policy of not paying overtime warranted conditional certification despite distinctions in pay policies from location to location). To the extent that this and the other arguments of Papa John's regarding individualized inquiries and defenses go to the merits of Plaintiff's claims, they are premature. *See Wass,* No. 09-2254JWL, slip op. at 12 (citing *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1103(10th Cir. 2001)) (stating that arguments going to the merits of plaintiffs' claims should not be resolved on motion for conditional class certification)*; McKinzie v. Westlake Hardware, Inc.*, No. 09-0796-CV-W-FJG, 2010 WL 2426310, at *4 (W.D. Mo. June 11, 2010) (stating that individual defenses should be considered at a later stage, not in a motion for conditional certification of a class).

Papa John's argues that because Plaintiff and the putative class members do not know the actual effective rate of pay they received, and cannot provide definite information as to the automobile expenses they actually incurred, their allegations that they were paid

less than minimum wage fail to meet the threshold of substantiality necessary for conditional certification. This argument is without merit. *See,e.g., Wass,* No. 09CV2254 JWL, slip op. at 12*; Bass v. PJCOMN,* No. 09CV01614 REB, slip op. at 4. Although they may not have determined their effective rates of pay, Plaintiff and the putative class members could nonetheless reliably state that their out-of-pocket automobile expenses were not covered by the reimbursements. Whether a particular plaintiff actually received less than the required minimum wage is a factual question which goes to the merits of the collective action claim, and will be addressed at a later stage of the litigation. *See, e.g.*, *Wass,* No. 09-2254 JWL, slip op. at 12 (noting the fact that drivers did not know their actual costs may serve as evidence to rebut Plaintiffs' claims later in suit, but will not defeat conditional certification); *Greenwald v. Phillips Home Furnishings, Inc.*, No. 4:08CV1128 CDP, 2009 WL 259744, at *6 (E.D. Mo. Feb. 3, 2009) (explaining that, in a § 216(b) action regarding overtime pay, whether the plaintiff actually worked more than 40 hours per week is a question which goes to the merits, not to the issue of conditional certification).

      For purposes of this motion, none of the arguments Papa John's asserts preclude conditional certification of a collective action. As noted above, after discovery is complete, Papa John's may move to decertify the collective action. Whether or not application of the more rigorous second-step class certification standard will result in partial or complete decertification remains to be seen. At this stage of the proceedings, however, the Court will grant Plaintiff's motion and conditionally certify this suit as a collective action under

Section 216 (b) of the FLSA. Specifically, the Court certifies a class[8] consisting of all delivery drivers employed by Papa John's at any time in the three years preceding the date of this Order.

**<u>Notice and Consent</u>**

One purpose of conditional certification is to facilitate the provision of notice to potential class members. Plaintiff has submitted a proposed notice and consent form [Doc. No. 101, Exhibit Nos. 37 & 38] and has requested that the notice be posted in the employee section of Papa John's restaurants. To facilitate the notification of potential opt-in plaintiffs, Plaintiff requests an order requiring Papa John's to provide Plaintiffs' counsel a readable electronic data file containing the names, dates of employment, restaurant store names and numbers, and last known mailing addresses of all potential class members.

Papa John's objects to certain portions of the proposed notice and seeks to revise it on several bases. In addition, Papa John's seeks to reduce to 60 days, the 90 day opt-in period Plaintiff requests, and asks that it be required to disclose only the last known addresses of potential class members. Papa John's has not fully briefed the issues related to the content and adequacy of the proposed notice provision,[9] but seeks the opportunity to

---

[8] Papa John's has not raised a specific challenge to Plaintiff's definition of the putative class.

[9] Papa John's only addressed the proposed notice in a footnote to the responsive brief. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Conditional Collective Action Certification [Doc. No. 114, p.14 n.6]

further brief its position and also requests that the Court convene a "conference" of the parties to resolve these questions.

"[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). In addition, ". . . trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute. . . ." *Id.* at 171. Therefore, the Court will exercise its discretion to allow for an expedited briefing of the issues surrounding the adequacy and content of the proposed notice, the time period for opt-in, and the appropriate location for posting of the notice.[10]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional Collective Action Certification [Doc. No. 101] is **GRANTED**, and the Court conditionally certifies a class of all similarly situated present and former pizza delivery drivers employed by Defendants at any time during the three (3) years prior to the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' motion for hearing [Doc. No. 124] is **DENIED.**

**IT IS FURTHER ORDERED** that Papa John's shall show cause, not later than **September 20, 2011**, why Plaintiff's proposed notice and consent provisions [Doc. No. 101,

---

[10] The Court notes that Plaintiff's proposed notice is presently, in form and content, similar to notice provisions approved with minor revisions in similar cases. *See, e.g., Beasely,* No. 4:09CV01748 CDP, slip op. at 9 (E.D. Mo. Oct. 6, 2010); *Wass,* No. 09-2254 JWL, slip op. at 12.

Exhibits 37 & 38 ] should not be approved by the Court for issuance in this collective action. Plaintiff shall file its response to the objections to the proposed notice and consent provisions on or before **September 26, 2011.**

**IT IS FURTHER ORDERED** that Papa John's shall take the steps necessary to make available by **October 21, 2011** a readable electronic data file containing information including the names, restaurant store names and numbers, and last known mailing addresses of all potential class members.[11]

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2011.

---

[11] Defendants need not disclose the additional personal information requested by Plaintiff for proposed class members unless the Court subsequently orders such disclosure.