**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM TIMOTHY PERRIN,** | ) | |
| **Individually and on behalf of a class of** | ) | |
| **others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:09-CV-01335-AGF** |
| | ) | |
| **PAPA JOHN'S INTERNATIONAL,** | ) | |
| **INC., and PAPA JOHN'S USA, INC.** | ) | |
| | ) | |
| **Papa John's.** | ) | |

**PAPA JOHN'S OBJECTIONS TO PLAINTIFFS' PROPOSED**
**NOTICE AND CONSENT TO JOIN FORM**

Pursuant to the Court's September 14, 2011 Order (Doc. 148), Papa John's submits its specific objections to Plaintiffs' proposed method and form of notice and Consent to Join form, and respectfully requests that this Court sustain these objections and order Plaintiffs to revise their proposed notice and Consent to Join form.[1] Plaintiffs' proposed notice and Consent to Join form are deficient in many respects. Papa John's further requests the Court order Plaintiffs to send the approved notice in envelopes reflecting only the potential plaintiffs' names and addresses, without any solicitous or other language or materials, or alternatively that Papa John's be given the opportunity to review and object to any such proposed envelopes and other materials.

**I.      Discussion and  Legal Authorities**

The Fair Labor Standards Act ("FLSA") requires that notice to potential plaintiffs be "accurate and timely," giving potential plaintiffs the chance to "make informed

---

[1]  To assist the Court in analyzing Papa John's suggested modifications to Plaintiff's proposed notice and Consent to Join form, a revised version is attached hereto as Exhibit A.

decisions about whether to participate." *See Martinez v. Cargill Meat Solutions, 265* F.R.D. 490, 499 (D.Neb. 2009). "Courts must be scrupulous to respect judicial neutrality," avoiding "even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 174 (1989). In *Hoffman-La Roche*, the Supreme Court also recognized that district courts' discretion regarding notice is not "unbridled," and stated that notice should be "distinguishable in form and function from the solicitation of claims." *Id.*

### A.   Papa John's Objections to Proposed Methods of Notice and Length of Opt-In Period

#### 1.   Notice by Posting[2]

Plaintiffs have requested that Papa John's be required to post the notice in its break rooms or employee areas of the stores where delivery drivers work during the pendency of the opt-in period. However, Plaintiffs have not shown why notice *via* first class mail will not be sufficient to apprise putative plaintiffs of their rights in this lawsuit. Further, such posting would be overly burdensome to Papa John's.[3] "'Historically, first class mailing has been utilized because it provides a controlled method by which individual notification can be provided through a reliable process which ensures that proper notice is received by the potential class members.'" *Karvaly v. eBay, Inc.*, 245

---

[2] In their motion for conditional certification, Plaintiffs requested that Papa John's be required to "conspicuously post a copy of the notice in the break rooms or employee areas of the stores where delivery drivers work until the opt-in period closes." *See* Doc. 101, at p. 15. The Court addressed Plaintiffs' request for notice by posting in its September 14, 2011 Order, and allowed expedited briefing on the issues surrounding the notice, including an "appropriate location for posting of the notice." Doc. 148.

[3] In *Wass v. NPC International, Inc.*, Defendant successfully objected to the posting request, as it would be burdensome, create a disruption in the workplace, and require "train[ing] of store managers to address questions arising from the notices, that drivers might believe they may transfer to store managers some responsibility concerning the submission of the consent form and…[it] would open the door to questions about whether the notices were properly posted." 2011 WL 1118774 at *12. Papa John's shares these same concerns and offers the same objections to the posting requirement.

F.R.D. 71, 91 (E.D.N.Y. 2007) (quoting *Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 630 (D.Colo. 2002)); *see also Morales v. Farmland Foods, Inc.,* 2009 WL 2886278, *6 (D.Neb. July 21, 2009)("[P]laintiffs' request for radio and posting methods of notice [are] denied absent a showing of necessity for such methods or ineffectiveness of the mailed forms."); *Hintergerger v. Catholic Health System,* 2009 WL 3464134, *13 (W.D.N.Y. Oct. 21, 2009)(denying plaintiff's request to post and publish in company newsletter because "first class mail is the 'best notice practicable' and should be sufficient to provide potential class members here the notice to which they are entitled").

Finally, the Court should reject any argument by Plaintiffs that posting is necessary to reach a wider audience of recipients or to cure any defects in addresses, as the putative plaintiffs reached by posting—current drivers—are the same employees for whom Papa John's most likely has current address information. *See Wass,* 2011 WL 1118774 at *12 ("The Court is not persuaded that the likely benefits from a posting requirement outweigh the likely burden from having to post the notice in so many stores."); *see also Phelps v. MC Communications, Inc.*, 2011 WL 3298414, *6 (D.Nev. Aug. 1, 2011)(denying plaintiffs' request for posting of the notice in the workplace stating "defendants should have proper addresses for their current employees, and posting the notice in the workplace would not provide notice to former employees for who Defendants may not have current information.").

### 2.   Length of Opt-In Period

Papa John's objects to Plaintiffs' proposed 90-day opt-in period and respectfully requests that the Court order a **60** day notice period.  Plaintiffs have presented no evidence explaining why they need such a lengthy opt-in period. Plaintiffs have not

3

alleged that putative plaintiffs are a transient population, or that there is any other reason why they may not timely receive mail.  Without any such evidence, Papa John's submits that 60 days is sufficient time to allow putative plaintiffs to choose whether to opt into the case. *See Martinez,* 265 F.R.D. at 501 ("Forty-five days is sufficient time for putative plaintiffs to consider their options and, if desired, seek the assistance of outside counsel in deciding whether to join this lawsuit"); *see also Greenwald v. Phillips Home Furnishings, Inc.,* 2009 WL 1025545 (E.D.Mo. April 15, 2009) (45 days); *DeKeyser*, 2008 WL 5263750, *6 (45 days) *Williams v. Long,* 585 F.Supp.2d 679 (D.Md. 2008) (30 days); *Madrid v. Peak Construction, Inc.,* 2009 WL 2983193, *3 (D.Ariz. Sept. 17, 2009)(45 days); *Boyle v. Barber & Sons, Co.,* 2004 WL 5897946, *5 (W.D.Mo. May 21, 2004)(30 days).

### B.   Papa John's Specific Objections to Plaintiffs' Proposed Notice and Consent to Join Form

#### 1.   Position of the "Disclaimer" Regarding the Court's Determination of the Merits

Papa John's objects to the location of the "disclaimer" advising recipients of the notice that the Court has not yet expressed an opinion on the merits of this case. In Plaintiffs' proposed notice, this disclaimer does not appear until the middle of the second page.[4] *See* Doc. 101-37 at ¶ 7.  This disclaimer should be moved to the first page. *See Martinez,* 265 F.R.D. at 499 (ordering that the disclaimer be moved to the heading of the notice and placed directly after the case name, "[t]o avoid any appearance of endorsing the plaintiffs' claims); *Boyle,* 2004 WL 5897946 at *5 (ordering plaintiffs to add "The Court has taken no position regarding the merits of the plaintiffs' claims or of the

---

[4] Papa John's also requests that Plaintiffs' proposed language for Section Seven, "Has the Court decided who is right" be replaced with a plain language description of the "disclaimer" as well. Papa John's proposed language for this section can be found on its revised version, Ex. A at ¶ 7.

Defendants' defenses" immediately after the notification that a federal court had authorized the notice).  In *Huang v. Gateway Hotel Holdings,* the court recommended that Plaintiffs insert a disclaimer into the notice stating:

> This notice is for the sole purpose of determining the identity of those persons who wish to be involved in the lawsuit. The United States District Court for the Eastern District of Missouri expresses no opinion regarding the merits of the Plaintiffs' claims or Gateway Hotel Holdings' defenses. There is no assurance at this time that any relief will be granted, nor if granted, the nature and amount of relief.

248 F.R.D. 225, 229 (E.D.Mo. 2008). Papa John's requests that the same or similar disclaimer be added to the notice and that the disclaimer be bolded or otherwise made prominent on the first page. *See Adams v. Inter-Con Security Systems, Inc.,* 242 F.R.D. 530, 540 (N.D.Cal. 2007) ("The front page of the notice…states that the court has not ruled on the merits of the lawsuit, but this statement should be bolded and put at the top of front page below the court caption.").

## 2.  Presence of Prohibited Solicitations on Notice Paperwork

Plaintiffs' proposed notice contains repeated improper solicitations, including a proposed "footer" on each page that features Plaintiffs' counsels' websites and phone numbers. The text of the "footer" currently states, "More questions? Contact Jack McInnes at Stueve Siegel Hanson LLP….or Mark Potashnick at Weinhaus & Potashnick" and includes the telephone number and website address for both attorneys. *See* Doc. 101-37. Presently, there is no way to discern what additional information, which may be inaccurate or misleading, could be located on or added to the referenced websites about this case.[5] Plaintiffs' counsel also offers "free help" to putative plaintiffs to determine

---

[5] Plaintiffs could easily use their websites to circumvent the Court's control of the form and content of the notice by including biased, misleading or solicitous information about this case. *See Martinez,* 265 F.R.D.

whether or not they "are included." *Id* at ¶ 10. Finally, in the "Getting More Information" section, the proposed notice again directs putative plaintiffs to a website or phone number or advises them they can write to an address. *Id* at ¶ 18.

These repeated invitations to contact Plaintiffs' counsel can be construed as prohibited solicitations of putative plaintiffs, and they go far beyond the intended purpose of notice—to inform putative plaintiffs about the pendency of a conditionally certified collective action. *See Lima v. International Catastrophe Solutions, Inc.,* 493 F.Supp.2d 793, 801 (E.D.La. 2007)("Neither parties nor their counsel may communicate with any potential opt-in plaintiffs during the opt-in period unless the potential plaintiff communicates with them first and consents to further communication") *citing Updite v. Delta Beverage Group, Inc.,* 2006 U.S. Dist. LEXIS 90719 at *5 (W.D.La. Dec. 15, 2006) and *Hipp v. Liberty Nat'l Life Ins. Co.,* 164 F.R.D. 574, 576 (M.D.Fla. 1996).

These invitations to contact Plaintiffs' counsel should be removed from the notice and any accompanying paperwork, or alternatively, Defense counsel's contact information should be added to the section entitled "Getting More Information." *See Creten-Miller,* 2009 WL 2058734 at *4 (directing that the notice should be modified to include defense counsel contact information). *Guzman v. VLM, Inc.,* 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007)(finding it appropriate to include the defense attorneys' contact information); *Cheesman v. Nextstar Broadcasting Group, Inc.,* 2008 WL 2225617 at *3 (S.D.Ind. May 27, 2008)(requiring "Inspections of Papers and Questions" section of notice to indicate putative plaintiffs had the right to contact defense counsel).

---

at 499 ("Allowing district courts to approve the content and method of disseminating notice to potential class members ensures that the notices are timely, accurate and informative" and "avoids later disputes over the form and content of unsupervised notice…") (citing *Hoffman-La Roche,* 493 U.S. at 172).

### 3.   Apprising Putative Plaintiffs of Their Potential Discovery or Travel Obligations

Papa John's further objects to Plaintiffs' proposed notice because it does not inform putative plaintiffs that they may be required to travel to the Eastern District of Missouri to testify in depositions or in court. *See Archer Daniels Midland Co. v. AON Risk Services, Inc. of Minnesota,* 187 F.R.D. 578, 588 (D.Minn. June 7, 1999) ("[T]here is a well recognized, general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings…"); *Spencer-Flournoy v. Clark*, 2009 WL 1473951, at *1 (W.D.Mo. May 27, 2009)(denying plaintiff's motion to quash her deposition and enter protective order where plaintiff did not want to travel to Kansas City and preferred to be deposed by telephone); *Williams v. Sprint/United Management Co.,* 2006 WL 1867471 at *2 (D.Kan. Jan. 30, 2006)(requiring plaintiffs in a collective action to appear for deposition in the forum where suit was pending).

Plaintiffs' proposed notice also inadequately describes plaintiffs' obligations to respond to written requests for information and documents during the discovery process if they join the suit. Plaintiff's proposed notice states only "[w]hile the suit is pending, you may be asked to provide information to counsel for the parties." Doc. 101-37 at ¶ 11. Specific information about these obligations is appropriate to include in a notice to potential plaintiffs, and has been included by many courts. *See McKinzie v. Westlake Hardware, Inc.,* 2010 WL 2426310, at *4 (W.D.Mo. June 11, 2010)(finding that the "[n]otice should also advise members of the class of discovery and other obligations, as well as the need to be present in Kansas City" for depositions, hearings or trial); *see also*

*Wlotkowski v. Michigan Bell Telephone Co.,* 267 F.R.D. 213, 220 (E.D.Mich. 2010)(approving language stating "[i]f you join the lawsuit, you may be required to respond to written questions, sit for a deposition, and testify in court."); *Creten-Miller v. Westlake Hardware, Inc.,* 2009 WL 2058734, at *4 (D.Kan. July 15, 2009)("Despite plaintiff's concerns about the potential chilling effect [of adding this warning], the Court is persuaded that it is reasonable and necessary to include language which informs potential plaintiffs that they may be required to travel to Kansas City."). Apprising plaintiffs of their potential obligations if they join this suit is particularly important here, as this notice will be sent to thousands of putative plaintiffs in locations around the United States. This information will aid the recipients of the notice in making an "informed decision[ ] about whether to participate" in this lawsuit. *See Martinez,* 265 F.R.D. at 499.

### 4.    Notifying Plaintiffs of Potential Cost Assessment Risks

Papa John's objects to the failure of Plaintiffs' proposed notice to disclose that plaintiffs may be responsible for Papa John's costs if Papa John's prevails in the lawsuit. *See McKinzie,* 2010 WL 2426310, at *4 (agreeing "that plaintiff must disclose that a plaintiff may be responsible for defendant's costs if defendant prevails"); *see also Creten-Miller,* 2009 WL 2058734, at *4("[A]n award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical…the notice should inform recipients about the possibility that they may be responsible for court costs."); *Garcia v. Elite Labor Serv., Ltd.,* 1996 WL 33500122, at 4 (N.D.Ill. July 11, 1996)(modifying notice to include statement that "if you do not prevail on your claim, court costs and expenses may possibly be assessed against you"). Plaintiffs' proposed notice only informs putative plaintiffs of the benefits that could potentially be obtained by joining this lawsuit, without mentioning any of the obligations or risks. A disclosure that plaintiffs may be responsible for Papa John's costs will further aid putative plaintiffs in making informed decisions about both the benefits and the risks of joining this lawsuit.

### 5.    Advising Potential Plaintiffs of Their Right to Retain Alternate Counsel or Proceed Without Counsel

The Notice improperly suggests that putative plaintiffs have no choice but to retain Plaintiffs' Counsel. Specifically, one section of the notice is entitled"[d]o I have a lawyer in this case?" *See* Doc. 101-37, at ¶ 15.  The notice then states, "[i]f you chose to join this lawsuit, you will be represented by the law firms Stueve Siegel Hanson LLP and Wienhaus & Potashnick." *Id.*  However, putative plaintiffs maintain the right to choose separate counsel and should be apprised of that right. Plaintiffs do address the right of

9

"separate counsel," but their language—in the context of the other sections of the notice—is  misleading at best. *See* Doc. 101-37, at ¶ 16. In this particular section, the notice states, "[i]f you choose to join this lawsuit, you do not need to hire your own lawyer, because Plaintiffs' counsel will be working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer to file your own separate lawsuit." *Id.*

The next section also seemingly creates additional incentive for potential plaintiffs to join the suit with Stueve Siegel Hanson LLP and Weinhaus & Potashnick as their counsel by emphasizing that "you will not have to pay them anything."[6] *See* Doc. 101-37, at ¶ 17. When these sections are read together, they serve to discourage potential plaintiffs from seeking alternate counsel. Defense counsel in *Wass v. NPC International Inc.* argued that plaintiffs' proposed notice made a "misleading threat of costs for different attorneys" by suggesting potential plaintiffs "would have to pay for legal representation if they seek other counsel, [which] ignores the common practice of contingency fees and public services available through the Department of Labor."  2011 WL 1118774, at *9 (D.Kan. Mar. 28, 2011). The court agreed, and ordered plaintiffs to replace the word "pay" with the word "retain."*Id.* Papa John's respectfully requests that the Court order a similar revision here.

**6.    Miscellaneous Issues**

Papa John's also objects to Plaintiffs' proposed notice and Consent to Join Form as follows:

---

[6] Plaintiffs' counsel have disclosed that they are working on a contingency fee basis, but they should also notify potential plaintiffs that they may obtain a copy of the fee agreement from Plaintiffs' counsel. This information is clearly relevant to any potential plaintiffs who may seek to join the lawsuit and be represented by Plaintiffs' counsel, as it could affect their recovery if any. *See Fasinelli v. Heartland Brewery, Inc.,* 516 F.Supp.2d 317, 324 (S.D.N.Y. 2007) (finding that "[b]ecause the fee structure may impact an 'opt-in' Plaintiff's recovery, if any, notice of those agreements should be provided up front.").

- **Inclusion of counsel designation on Consent to Join Form and sending forms to the Court**

The proposed Consent to Join Form automatically designates Plaintiff Perrin's counsel as the putative plaintiff's counsel by virtue of signing and submitting it, and does not acknowledge the right to choose other counsel.   The form should either allow plaintiffs to designate their own counsel, or include no counsel designation. Further, the form directs putative plaintiffs to submit their forms to Plaintiff's counsel and does not provide that they can submit their forms directly to the Court.

- **Use of the Court's heading on the first page**

Papa John's objects to use of the Court's heading on the top of the first page, as it could give non-lawyer potential plaintiffs the impression that the notice is a letter from the Court, or otherwise indicate judicial approval of the Plaintiff's allegations.

- **Use of legal "jargon" and other unnecessary, confusing or inadequate language**

Papa John's also objects to Plaintiffs' use of legal jargon and other potentially confusing terms, like "Plaintiff" or "Named Plaintiff," throughout their proposed notice and Consent to Join Form.   In addition, Papa John's objects to certain language and stylistic measures used in Plaintiffs' proposed notice, including, for example, bolded language in Section 14 that indicates it is "extremely important for putative plaintiffs to read, sign and promptly return the Consent to Join form;" the inclusion of an unnecessary and inappropriate statement in Section 12 that states (if you do not join this lawsuit), "You will not be entitled to share any amounts recovered by Plaintiffs as part of this

lawsuit;" and the redundant final "bullet point" at the beginning of Plaintiffs' proposed notice.

The proposed revised notice attached hereto by Papa John's more fully addresses these and the other issues and objections discussed herein.

### C.    Papa John's Objections to Plaintiffs' Envelopes and Other Materials

Papa John's objects to Plaintiffs' use of any language that appears to imply the Court's sponsorship of the merits of the case, or the use of any solicitous language or terms that imply urgency on the cover envelope of any approved notice. Papa John's further objects to Plaintiffs' proposed inclusion of an addressed and postage prepaid envelope with the notice and Consent to Join forms. The inclusion of a postage prepaid envelope further adds to a sense of urgency and assists in eliminating putative plaintiffs' right to pursue choosing alternate counsel or to proceed on their own by filing a Consent to Join form directly with the Court.  *See Fortna v. QC Holdings, Inc.,* 2006 WL 2385303, at *2 (N.D.Okla. Aug. 17, 2006) (ordering plaintiffs to include only a non-prepaid postage return envelope). Papa John's requests that the Court order Plaintiffs to not include pre-addressed and pre-paid envelopes with the approved notice, and that Plaintiffs send any approved notice in envelopes reflecting only the potential plaintiffs' names and addresses or, alternatively, that Papa John's be given the opportunity to review and object to any such proposed envelopes and other materials.

## II.    Conclusion

For the foregoing reasons, Papa John's respectfully requests that this Court sustain its objections to Plaintiffs' proposed form and method of notice, and accordingly order Plaintiffs to revise their proposed notice consistent with Papa John's objections.

Papa John's further requests that the Court order Plaintiffs to send the approved notice in envelopes reflecting only the potential plaintiffs' names and addresses or, alternatively, that Papa John's be given the opportunity to review and object to any such proposed envelopes and other materials.

Respectfully Submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _/s/ Eric A. Todd_
        Eric A. Todd, #46919MO
        Rodney A. Harrison, #44566MO
        Nathan J. Plumb, #56547MO
        7700 Bonhomme Ave, Suite 650
        St. Louis, Missouri 63105
        rodney.harrison@ogletreedeakins.com
        eric.todd@ogletreedeakins.com
        (314) 802-3949 _telephone_
        (314) 802-3936 _facsimile_

and

        Patrick F. Hulla, #4296711
        Park Central Plaza
        4717 Grand Avenue, Suite 300
        Kansas City, MO  64112
        patrick.hulla@ogletreedeakins.com
        (816) 471-1301  _telephone_
        (816) 471-1303  _facsimile_

**ATTORNEYS FOR PAPA JOHN'S**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of September, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

George A. Hanson
Richard M. Paul III
STUEVE SIEGEL HANSON LLP

Mark A. Potashnick
Ilya I. Ruvinskiy
WEINHAUS & POTASHNICK

ATTORNEYS FOR PLAINTIFFS

_/s/ Eric A. Todd_
ATTORNEY FOR PAPA JOHN'S

10978285.2 (OGLETREE)