UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM TIMOTHY PERRIN, Individually and on behalf of a class of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PAPA JOHN'S INTERNATIONAL, INC., et al. <br><br> Defendants. | Case No. 4:09CV01335 AGF |

## **MEMORANDUM AND ORDER**

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., brought by pizza delivery drivers to collect unreimbursed automobile expenses. On September 14, 2011, this Court conditionally certified a class of all similarly situated present and former pizza delivery drivers employed by Papa John's International, Inc., and Papa John's USA, Inc. ("Defendants") at any time during the three (3) years prior to September 14, 2011 (Doc. No. 148). The Court also ordered briefing of the issues surrounding the adequacy and content of the proposed notice and consent to join ("Notice"), the time period for opt-in, and the appropriate location, if any, for posting of the Notice.

For the reasons set forth herein, the Court now approves Plaintiffs' proposed form Notice (Doc. No. 151, Exh.1), subject to the changes, deletions, and additions set forth below. In addition, the Court approves the delivery of the Notice by first-class and

electronic mail and will not require Defendants to post the Notice in its restaurants. The Court also approves a sixty (60) day opt-in period to commence on a date to be set following a conference with counsel.

I.      **Mailed Notice and Workplace Posting**

Plaintiffs have requested that the Court require both mailing by first class mail and electronic mail and that the notice be posted in the employee area of Defendants' restaurants. Defendants assert that notice by first-class and electronic mail is sufficient in this case, and that requiring them to post notice in the workplace is unnecessarily redundant and intrusive. In support, Defendants rely upon *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 500-01 (D. Neb. 2009), where the court held that unless and until Plaintiffs presented evidence that personal mailing would be an unreliable means of delivery notice to putative plaintiffs, notice by mailing would be the only court-approved method for disseminating notice of Plaintiffs' collective action. *See id.* Defendants assert that Plaintiffs have made no such showing, and that the Court should not require workplace posting.

In response, Plaintiffs principally rely upon the rulings of other district courts within the Eighth Circuit, including the Eastern District of Missouri, approving the posting of notice in the workplace, without requiring a prior showing that mailed notice would be insufficient. *See, e.g., Simmons v. Enterprise Holdings, Inc.*, No. 4:10CV00625 AGF, 2011 WL 1304732, at *1 (E.D. Mo. April 6, 2011); *Dernovish v. AT&T Opers., Inc.*, No. 09-0015-CV-W-ODS, 2010 WL 143692, at *2 (W.D. Mo. Jan. 12, 2010)*; Beasley v. GC Services*, No. 4:09CV01748 CDP, slip op. at 9 & Exh. 27 (E.D.

Mo. Oct. 6, 2010); *Ingraham v. Dixon Ambulance Dist.*, No. 10-4160-CV-S-ODS, 2010 WL 4534038, at *2 (W.D. Mo. Nov. 1, 2010); *In re Pilgrim's Pride FLSA Litig.*, MDL No. 1:07CV1832, 2008 WL 2061265, at *1 (W.D. Ark. May 14, 2008); *Boyle v. Barber & Sons Co.,* No. 03-0574-CV-W-FJG, 2004 WL 5897946, *5 (W.D. Mo. May 21, 2004).

Upon review of the case law the Court finds little basis for imposing a presumption favoring personal mailing. The better course is to determine what constitutes fair and proper notice based on the facts of each case. *See Mowdy v. Beneto Bulk Transport,* No. C 06-05682, 2008 WL 901546, at *9 (N.D. Cal. Mar. 31, 2008). The Court concludes that, in this instance, the posting of notice in the workplace adds little to the efficacy of mailed notice and may be redundant, confusing to other workers, and unduly burdensome for Defendants.

"At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." *Kautsch v. Premier Communs.*, 504 F. Supp.2d 685, 690 (W.D. Mo. 2007) (citation omitted). Mailed notice has traditionally been considered the best vehicle to achieve this objective. *Hinterberger v. Catholic Health Sys.,* No. 08CV380S, 2009 WL 3464134, at *13 (W.D.N.Y. Oct. 21, 2009). Here, Plaintiffs assert that posting of notice is also necessary because the putative class extends to former employees whose contact information may have changed after leaving Defendants' employ. However, the value of posting to remedy this problem is questionable. Plaintiffs argue that current employees who see the posted notice may be in a position to notify former employees. Many, but not all, current employees will, however, receive actual notice by mail. This notice should provide them with an

opportunity to alert former employees who may not have received such notice due to a change of address, and posting is therefore somewhat redundant.

In addition, given the size of the certified class and the necessity of posting notice in all of Defendants' restaurants nationwide, the Court finds that the minimal value of posted notice does not outweigh the burden to Defendants and the potential to create confusion among other employees. *See Phelps v. MC Communications, Inc.,* No. 2:11CV00423 PMP-LRL, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011) (denying plaintiffs' request for posting of the notice in the workplace stating "defendants should have proper addresses for their current employees, and posting the notice in the workplace would not provide notice to former employees for whom defendants may not have current information."); *Wass v. NPC International, Inc.,* No. 092254JWL*,* 2011 WL1118774, at *12 (D. Kan. Mar. 28, 2011) ("The Court is not persuaded that the likely benefits from a posting requirement outweigh the likely burden from having to post the notice in so many stores.").

Although other courts in this Circuit, including this Court, have approved the posting of notice in addition to mailed notice in FLSA class action cases, the burden on defendants in those cases was considerably lighter because posting would have been required in only a few locations. *See, e.g., Simmons*, 2011 WL 1304732, at *2 (holding that posting would be required only in a single location); *Fast v. Applebee's Int'l, Inc.,* 243 F.R.D. 360, 364 (W.D. Mo. 2007) (finding a requirement that defendant post notice in six locations too burdensome)

## II. Length of Opt-In Period

Defendants object to Plaintiffs' proposed 90-day opt-in period and contend that 60 days is sufficient time to allow putative plaintiffs to choose whether to opt into the case. There is a range of authority regarding the appropriate length for the opt-in period. *See, e.g., Greenwald v. Phillips Home Furnishings, Inc.,* 2009 WL 1025545 (E.D. Mo. April 15, 2009) (allowing 45 days to opt-in); *Martinez*, 265 F.R.D. at 501 ("holding forty-five days is sufficient time for putative plaintiffs to consider their options and, if desired, seek the assistance of outside counsel in deciding whether to join this lawsuit"); *DeKeyser v. Thyssenkrup Waupaca, Inc.,* No.08-C-488, 2008 WL 5263750, at *6 (E.D. Wis. Dec. 18, 2008) (allowing 45 days); *Williams v. Long,* 585 F.Supp.2d 679 (D. Md. 2008) (allowing 30 days); *Bados Madrid v. Peak Construction, Inc.*, No.2:09CV00311JWS, 2009 WL 2983193, at *3 (D. Ariz. Sept. 17, 2009) (allowing 45 days); *Boyle v. Barber & Sons, Co.,* No.030574CVWFJG, 2004 WL 5897946, at *5 (W.D. Mo. May 21, 2004) (allowing 30 days).

Given the size of the potential class in this action, the Court concludes that a 60 day period will fully and fairly allow for the provision of notice to potential plaintiffs.

## III. Defendants' Objections to the Form and Content of the Notice

Defendants raise numerous specific objections to Plaintiffs' proposed Notice. As a general matter, the Court notes that the purpose of the notice forms is to inform potential class members about the existence of the suit and allow them to evaluate whether or not they wish to join it. *Littlefield v. Dealer Warranty Servs., LLC,* 679 F. Supp.2d at 1014, 1018 (E.D. Mo. 2010) (citations omitted). "[D]istrict courts have

5

discretion, in appropriate cases, to implement 29 U.S.C.§ 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). In addition, ". . . trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute. . . ." *Id.* at 171. However, a court should not alter a plaintiff's proposed notice "unless certain changes are necessary." *Littlefield,* 679 F. Supp.2d at 1018 (E.D. Mo. 2010).

    A.  <u>The "Disclaimer"</u>

Defendants object to a "disclaimer" in the Notice advising recipients that the Court has made no determination as to the merits of Plaintiffs' claims. Here the Court concludes that the proposed disclaimer is not sufficient. The Court will require Plaintiffs to replace the language they have proposed in ¶ 7 of the Notice with the following language required by the court in *Huang v. Gateway Hotel Holdings*: "This notice is for the sole purpose of determining the identity of those persons who wish to be involved in the lawsuit. The United States District Court for the Eastern District of Missouri expresses no opinion regarding the merits of the Plaintiffs' claims or the defenses of Papa John's. There is no assurance at this time that any relief will be granted, nor if granted, the nature and amount of relief." *Huang v. Gateway Hotel Holdings,* 248 F.R.D. 225, 229 (E.D. Mo. 2008).

B. <u>Improper Solicitation</u>

Defendants assert that the "footer"[1] on each page of the Notice amounts to improper solicitation. This objection is without merit. Language directing potential class members that they may contact plaintiffs' counsel to obtain further information about the case is standard. *Bowens v. Atlantic Maint. Corp.*, 546 F.Supp.2d 55, 84 (E.D.N.Y. 2008) (citations omitted). The Court also disagrees with Defendants' contention that providing information in the Notice about Plaintiff's counsel contravenes the general rule that plaintiff's counsel may not actively solicit potential class members once the conditional class has been certified. Providing potential plaintiffs with a phone number or website which they may or may not choose to contact to obtain information does not amount to active solicitation or initiation of contact by Plaintiffs' counsel. *Id.*

Defendants also argue that contact information for Defendants' counsel should be made available in the notice. This contention is without merit. Numerous courts have held that identifying defense counsel in the class action notice "has no basis in law or logic" and is "unnecessary and inappropriate." *See, e.g.*, *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 632 (W.D. Wis. 2009); *Morden v. T-Mobile USA, Inc.*, No.C05-2112 RSM, 2006 WL 2620320, at *4 (W.D. Wash. Sep. 12, 2006) (quotations omitted). The Court agrees with this case law.

---

[1] The "footer" reads: "More questions? Contact Jack McInnes at Stueve Siegel Hanson LLP….or Mark Potashnick at Weinhaus &Potashnick" and includes the telephone number and website address for both attorneys. (Doc. No. 151-1).

### C. Notification Regarding Travel and Participation in Discovery

Defendants further object to the Notice on the grounds that it fails to inform potential plaintiffs that they may be required to travel to the Eastern District of Missouri to testify in depositions or in court. Such notification is not necessary and only serves to discourage potential class members. *Littlefield,* 679 F. Supp. 2d at 1019; *Martinez,* 2009 WL 5034479, at *9. Courts have held, and this Court agrees, that such notification is especially inappropriate in FLSA cases, where discovery is limited and Plaintiffs are not likely to be called upon to provide deposition testimony. *See Hembree v. Mid Continent Transport, Inc.*, No.086094CVSJ HFS, 2010 WL 3927764, at *5 (W.D. Mo. Oct. 4, 2010).

### D. Responsibility for Costs

Defendants object that the proposed Notice fails to disclose that Plaintiffs may be responsible for Defendants' costs if Defendants prevail in the lawsuit. In order to provide accurate notice courts have held that this fact should be included in the notice. *See McKinzie v. Westlake Hardware, Inc.,* No. 09- 796WFJG, 2010 WL 2426310, at *4 (W.D. Mo. June 11, 2010) (holding that the notice "must disclose that a plaintiff may be responsible for defendant's costs if defendant prevails"); *Creten-Miller v. Westlake Hardware, Inc.,* No. 082351 KHV, 2009 WL 2058734, at *4 (D. Kan. Jul. 15, 2009) (holding that because "an award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical . . . the notice should inform recipients about the possibility that they may be responsible for court costs."). The Court agrees that this disclosure should be included, and will therefore require Plaintiffs to add the following

language at the end of ¶ 11 of the Notice: "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."

    E.  Choice of Counsel

Defendants next contend that the Notice fails to inform putative plaintiffs that they may select counsel of their choice and need not retain Plaintiffs' counsel to represent them. Specifically, Defendants object to the language in ¶¶ 15 and 16[2] of the Notice. Plaintiffs have offered to substitute the word "retain" for "pay" in ¶ 16 as required by the court in *Wass*, 2011 WL1118774, at *9. Defendants accept this change as a remedy for their concern, therefore, the Court approves Plaintiffs' substitution of the word "retain" for the word "pay" in ¶ 16 of the proposed Notice.

    F.  The "Consent to Join"

Defendants next object that the "Consent to Join" portion of the Notice improperly designates Plaintiffs' counsel as counsel of record and provides that Plaintiffs' counsel will file the Consent to Join on behalf of Plaintiffs. In *Sloan v. Renzenberger, Inc.,* the court rejected a similar objection noting the potential for undue administrative burden on the Court Clerk's office. *Sloan v. Renzenberger, Inc.,* No. 10-2508-CM-J, 2011 WL1457368, at *4 (D. Kan. April 15, 2011). This Court agrees that the designation of Plaintiffs'

---

[2]    As proposed, ¶ 15 reads: "**Do I have a lawyer in this case**? If you choose to join this lawsuit you will be represented by the law firms of Stueve Siegel Hanson LLP and Weinhaus &Potashnick and any other lawyers they choose to associate with in the prosecution of this lawsuit." As proposed, ¶ 16 reads: "**Should I get my own lawyer**? If you choose to opt-in to the lawsuit by promptly returning a signed Consent to Join form, you do not need to hire your own lawyer because Plaintiffs' counsel will be working on your behalf. But if you want your own lawyer, you may have to pay that lawyer and will have to file your own separate lawsuit."

counsel as counsel of record is not improper and will serve to avoid potential administrative difficulties posed by the filing of consents directly with the Court.

G. Use of the Court's Heading on the Notice

Defendants object to use of the Court's heading at the top of the first page of the Notice, contending that its use creates the impression that the Notice is a letter from the Court, or otherwise indicates judicial approval of the Plaintiffs' allegations. This Court and others have routinely approved the use of the Court's heading on the notice form. *Simmons v. Enterprise Holdings, Inc.*, No. 4:10CV00625 AGF, slip op. at 9 (E.D. Mo. Mar. 9, 2011); *Beasley*, slip op. at 9 & Exh. 27.

H. Use of Legal Jargon

Defendants also object to Plaintiffs' use of terms, like "Plaintiff" or "Named Plaintiff," throughout the proposed Notice. Defendants characterize these terms as potentially confusing legal jargon. The Court cannot agree that the terms "Plaintiff," or even "Named Plaintiff" will result in confusion. These terms are generally understood. Moreover, the language in ¶¶ 12 and 14 of the Notice is not redundant, but rather assists in clarifying some of the very issues that Defendants contend are unclear. As the Court is not to alter the notice unless clearly necessary, it will not sustain Defendants' objections to the use of these terms. *Littlefield,* 679 F. Supp.2d at 1018.

I. References to Statute of Limitations

Defendants propose to eliminate language in ¶ 12 regarding the statute of limitations language. The Court will not sustain this objection because removing such language defeats one of the main purposes of providing notice to potential plaintiffs. In an FLSA

action the statute of limitations continues to run for each potential plaintiff until he or she opts into the class. Therefore, information regarding the running of the statue of limitations is necessary, indeed crucial, to preserve the rights of potential class members. 29 U.S.C. § 256(b); *Littlefield,* 679 F. Supp. 2d at 1019.

    J.  <u>The Cover Envelope</u>

Defendants further object to the inclusion of an addressed, postage prepaid envelope with the Notice and to the placement of the following phrase on the outside of the envelope: "Notice of Unpaid Overtime Lawsuit- Deadline to Join." Defendants assert that these elements give a false sense of urgency and interfere with a potential plaintiff's right to choose alternate counsel. The Court does not agree. A similar inscription has been approved in other cases. *See, e.g., Putnam v. Galaxy 1 Marketing, Inc.,* No. 3:10 CV 00072JAJ, 2011 WL 4072388, at *14 (S.D. Iowa Aug. 23, 2011). And the language fairly alerts the recipients that the envelope contains time-sensitive material, and is not junk mail. However, the use of a prepaid envelope has been rejected as bordering on improper solicitation. *See Fortna v. QC Holdings, Inc.*, No.06CV0016CVE PJC, 2006 WL 2385303, at *2 (D. Okla. Aug. 17, 2006). Therefore, the Court will not approve the Plaintiffs' use of a prepaid envelope.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' objections (Doc. No. 149) to the Proposed Form of Notice and Consent to Join are **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Court shall hold a conference call with counsel on **October 5, 2011, at 11 a.m.** to address scheduling issues related to the Defendants' production of electronic data and Plaintiffs' mailing of notice.

**IT IS FURTHER ORDERED** that Plaintiffs shall proceed with the provision of notice by electronic and first-class mail using the Plaintiffs' Proposed Form of Notice and Consent to Join, modified as ordered herein, according to the schedule to be determined by the Court following consultation with counsel.

**IT IS FURTHER ORDERED** that the Court approves an opt-in period of sixty days.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2011.