UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM TIMOTHY PERRIN,<br>Individually and on behalf of a class of<br>others similarly situated,<br><br>   Plaintiffs,<br><br>  vs.<br><br>PAPA JOHN'S INTERNATIONAL, INC.,<br>et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:09CV01335 AGF |

## MEMORANDUM AND ORDER

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., brought by pizza delivery drivers employed by Papa John's International, Inc., and Papa John's USA, Inc. ("Defendants") to collect unreimbursed automobile expenses. On October 4, 2011, this Court issued an Order (Doc. No. 152) approving a form of notice and consent to join ("Notice") to be mailed to the conditionally certified class of all similarly situated present and former pizza delivery drivers employed by Defendants at any time during the three years prior to September 14, 2011. On October 5, 2011, the Court issued an Order (Doc. No. 153) listing the types of information Defendants must disclose to Plaintiffs for purposes of facilitating notice and setting forth the schedule for the provision of notice to the prospective class members.

Now before the Court is Plaintiffs' motion for reconsideration (Doc. No. 154) of a portion of each of those Orders. For the reasons set forth below, Plaintiffs' motion for reconsideration is granted in part and denied in part.

Plaintiffs first request reconsideration of this Court's prior order disallowing Plaintiffs' request to include a postage prepaid envelope in the Notice sent to prospective class members. Upon review of the authorities cited by Plaintiffs, the Court agrees that the weight of the authority supports Plaintiffs' position. Numerous courts have held that enclosing a prepaid return envelope with the notice to potential class member facilitates a plaintiff's ability to join the class, and does not border on improper solicitation or interfere with a potential plaintiff's ability to retain separate counsel. *See, e.g.*, *Putnam v. Galaxy 1 Mktg., Inc.,* No. 3:10 CV 00072 JAJ, 2011 WL 4072388, at *15 (S.D. Iowa Aug. 23, 2011) (approving plaintiffs' suggested "postage prepaid return envelope"); *Black v. Settlepou, P.C.*, No. 310CV1418 K, 2011 WL 609884, at *5 (N.D. Tex. Feb. 14, 2011) (authorizing enclosure of a "self-addressed, postage paid return envelope"); *Lineras v. Inspiration Plumbing LLC*, No. 1:10CV324 JCC, 2010 WL 4623940, at *2 (E.D. Va. Nov. 3, 2010) (approving the inclusion of "a self-addressed postage paid envelope" with the collective action notice); *Campbell v. Advantage Sales & Mktg., LLC*, No. 1:09CV01430 LJM DML, 2010 WL 4386793, at *4 (S.D. Ind. Oct. 28, 2010) (approving the use of a "self addressed, postage paid return envelope" with the notice). Having fully considered the issue and the case law cited by both parties, the Court concludes that its previous determination on this issue was in error, and will allow Plaintiffs to include a pre-addressed, postage paid envelope in the Notice sent to prospective class members.

Plaintiffs next contend that, in addition to producing the contact information previously ordered by the Court, Defendants also should be required to produce e-mail addresses for prospective class members. Specifically, Plaintiffs ask the Court to require Defendants to provide the e-mail addresses of all present and former pizza delivery drivers employed by Defendants at any time during the three years prior to September 14, 2011. In response, Defendants correctly assert that neither Plaintiffs' original motion for conditional class certification (Doc. No. 101) nor its subsequent briefing of notice issues (Doc. No. 151) included a request for notice by electronic mail. Defendants further state that they have never collected e-mail addresses from their delivery drivers and therefore would be unable to provide such information to Plaintiffs.

A review of the record confirms that the Court inadvertently included a reference to electronic mail as well as first class mail in its Orders of October 4 and 5, 2011. Plaintiffs had never requested e-mail notification in their prior filings, and neither party noted the error in the conference call on October 5, 2011. Plaintiffs should not be entitled to e-mail notification because of an inadvertent Court error, and Defendants, in any event, do not have e-mail addresses for prospective class members. As such, Plaintiffs' motion for reconsideration is denied with respect to the production of e-mail addresses.

Finally, Defendants seek an award of attorney's fees and costs attributable to the preparation of their response to Plaintiffs' motion for reconsideration, asserting that Plaintiffs improperly raised a new issue, the production of e-mail addresses, in the context of that motion. Because the confusion regarding e-mail notification arose due to

this Court's own error -- which counsel for Defendants also failed to note in the prior conference call regarding notice -- Defendants' request for attorney's fees and costs will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration (Doc. No. 154) is **GRANTED** in part and **DENIED** in part**.**

**IT IS FURTHER ORDERED** that the Court's Orders of October 4, 2011 (Doc. No. 152) and October 5, 2011 (Doc. No. 153) are vacated and replaced with the Memorandum and Order filed this date.

**IT IS FURTHER ORDERED** that Defendants' request for an award of attorney's fees and costs is **DENIED**.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2011.