UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM TIMOTHY PERRIN, individually and on behalf of other similarly situated persons, et al., <br><br> Plaintiff, <br><br> vs. <br><br> PAPA JOHN=S INTERNATIONAL, INC., and PAPA JOHN=S USA, INC., <br><br> Defendants. | Case No. 4:09CV01335 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendants Papa John's International, Inc., and Papa John's USA, Inc., to stay proceedings pending resolution by the Eighth Circuit Court of Appeals of their petition for permission to appeal, filed pursuant to Federal Rule of Civil Procedure 23(f), this Court's Order granting certification of five classes under Rule 23. For the reasons set forth below, the motion for a stay shall be granted.

Plaintiff William Timothy Perrin filed this action on August 19, 2009, on behalf of himself and other similarly situated delivery drivers employed by Defendants. Plaintiff claimed that Defendants violated the Fair Labor Standards Act (AFLSA@), 29 U.S.C. § 206, and the minimum wage laws of five states (Missouri, Arizona, Florida, Illinois and Maryland) that mandate a higher minimum wage than that under federal law, by failing reasonably to approximate the delivery drivers' automotive expenses for reimbursement purposes, and consequently, effectively failing to pay the minimum wage.

On November 19, 2010, Plaintiffs moved for conditional collective action certification under the FLSA.  On September 14, 2011, the Court granted Plaintiffs= motion, requiring that notice be disseminated to 29,000 putative plaintiffs, all of Papa John=s delivery drivers employed throughout the United States during the three years preceding the filing of the lawsuit.  Of these putative plaintiffs, approximately 3,800 filed consents to opt in to the collective action.  On February 29, 2012, Plaintiffs from the five states noted above moved to certify their claims as class actions pursuant to Federal Rule of Civil Procedure 23, under the minimum wage laws of their respective states.  Plaintiffs estimate that the Rule 23 class would involve approximately 6,000 putative class members.  Unlike the FLSA collective action, these Rule 23 class actions, if certified, will require individuals to opt out of the suit or be bound by the judgment in the case. *See* Fed. R. Civ. P. 23(c)(3).

By Memorandum and Order dated December 31, 2013, the Court granted the motion for Rule 23 class certification, and approved the dissemination of the form Class Notice proposed by Plaintiffs.  Defendant filed a timely petition for permission to appeal that Order with the Eighth Circuit Court of Appeals pursuant to Rule 23(f).  Plaintiffs' counsel represented to defense counsel that Plaintiffs would oppose a stay of proceedings in this Court but would not disseminate the Rule 23 Class Notice, at least until the Eighth Circuit decided whether to accept the Rule 23(f) appeal.  Defendants now ask this Court to stay proceedings pending a ruling by the Eighth Circuit on the petition for permission to appeal, and if that petition is granted, pending resolution of the matter in the appellate court.

Defendants argue that the stay should be granted because they are likely to succeed on the merits of an appeal.  They assert that they will suffer irreparable harm unless a stay is granted, noting that absent a stay substantial money may be wasted notifying nearly 6,000 putative

plaintiffs and engaging in costly class-wide discovery which may ultimately be unnecessary. Defendants note that Plaintiffs only agreed to hold back on mailing the notice form during the pendency of the Petition for Permission to Appeal and not pending an appeal itself. Defendants also assert that granting the stay will not substantially injure Plaintiffs and will not harm the public interest.

Plaintiffs argue that their FLSA collective class claim is not subject to Rule 23(f) and the opt-in Plaintiffs on that claim should not be subjected to further delay in having their claim heard. They then argue that Defendants have not shown that the Eighth Circuit is even likely to allow the appeal, or that if an appeal is allowed, that Defendants are likely to succeed on the merits, or will be irreparably harmed absent a stay. Defendants reply that much of the delay in this case was occasioned by Plaintiffs.

## **DISCUSSION**

Rule 23(f) provides:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Generally, a party seeking a stay while an application to appeal is pending bears the burden of showing that (1) it is likely to succeed on the merits of its appeal; (2) it will be irreparably injured unless the stay is granted; (3) granting the stay will not substantially injure the non-moving party; and (4) the public interest will not be harmed by granting the stay. *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011); *Mayo v. UBS Real Estate Sec., Inc.*, No. 08-00568-CV-W-DGK, 2011 WL 3109786, at *1 (W.D. Mo. July 26, 2011) (applying standard in Rule 23(f) context). The court considers the relative strength of each factor and balances them

all.  *Brady*, 640 F.3d 789.

The Court believes that there is a good chance the Eighth Circuit will grant Defendant's petition for permission to appeal.   In the case of a ruling granting class certification, Rule 23(f) appeals typically are permitted if the ruling "raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle," or the appeal would clarify an important, unsettled question of law.  *E.g., Mayo*, 2011 WL 3109786, at *1 (citation omitted). Here, the Court believes both conditions are present.

The arguments raised by Defendants with respect to its likelihood of success on the merits of an appeal reflect their disagreement with the Court's determination and reargue the merits of the motion for certification.   The Court conducted a rigorous analysis before granting class certification.   While the Court cannot say that Defendants will "likely" succeed on the merits of the certification issue, the certification question was difficult and close and the Court recognizes that, as with any appeal, the Eighth Circuit may disagree with this Court's conclusions on the issues presented.  *See Sumitomo Copper Lit. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2d Cir. 2001) (explaining that the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the Rule 23(f) stay).

The Court believes that Defendants have presented a cogent argument that there would be irreparable harm absent a stay, while at the same time little harm to Plaintiffs if a stay is issued. While the Court takes seriously the delay to Plaintiffs' day in court that a stay may cause, the Advisory Committee's note to Rule 23(f) specifically encourages the appellate courts to act expeditiously on petitions for permission to appeal, and there is no reason to think that the Eighth Circuit will not resolve Defendants' appeal petition in a timely manner.  *See Whitlock v. FSL*

*Mgmt., LLC*, No. 3:10CV-00562-JHM, 2012 WL 6675124, at *3 (W.D. Ky. Dec. 21, 2012) (granting a stay pending a Rule 23(f) petition in similar circumstances).

The Court adds that investing extensive judicial resources in managing this difficult multi-state hybrid FLSA/class action that may prove to be unnecessary would not serve the public interest. The Court also does not think it judicious to allow discovery and litigation to proceed on the FLSA claim while staying proceedings of the Rule 23 class certification.

## **CONCLUSION**

Balancing all of the factors, the Court finds that the scale tips in favor of granting Defendants' motion for a stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to stay proceedings pending ruling by the Eighth Circuit on Defendants' Petition for Permission to Appeal and, if granted, pending the resolution of Defendants' appeal, is **GRANTED**. (Doc. No. 300.)

**IT IS FURTHER ORDERED** that the Defendants shall notify the Court of the resolution of Defendants' Petition for Permission to Appeal within five days of receipt of the decision.

                                            _____
                                            AUDREY G. FLEISSIG
                                            UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2014.