IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM TIMOTHY PERRIN, ) <br> Individually and on behalf of a class of ) <br> others similarly situated, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> PAPA JOHN'S INTERNATIONAL, ) <br> INC., ) <br>   ) <br> Defendant. ) | Case No. 4:09-CV-01335-AGF |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL AND SHOW CAUSE**

Despite this Court's Amended Case Management Order ("CMO") expressly permitting Defendants Papa John's International, Inc. and Papa John's USA, Inc. ("Defendants") to "obtain further discovery with respect to *all opt-in plaintiffs* by way of a mailed questionnaire," Plaintiffs argue that every opt-in plaintiff is not required to respond to the Questionnaire, and that Plaintiffs' collective obligation is to provide only a sufficient number of Questionnaire responses as needed by Defendants' expert. Plaintiffs are wrong. *See* Doc. 320 at ¶ 4(b) (emphasis added).

Each opt-in plaintiff should be required to respond to the Questionnaire, in accordance with the Court's May 14, 2014 Order, because such responses are necessary to prepare a decertification motion, prepare for trial, and otherwise defend this action in light of the individual nature of Plaintiffs' claims. Moreover, Defendant intends to provide a summary of all Questionnaire responses to both its expert and this Court, to further demonstrate the individual nature of Plaintiffs' claims, and why they cannot be tried on a representative basis.

Therefore, Defendants' respectfully request this Court to compel Plaintiffs' counsel to immediately re-serve the Questionnaire on each opt-in plaintiff yet to respond to the Questionnaire, and to simultaneously advise that failure to respond to the Questionnaire will result in dismissal of his or her claims without prejudice. Further, for the reasons outlined below, this Court should dismiss all Plaintiffs who fail to respond to the Questionnaire within the allotted time.

## FACTUAL BACKGROUND

Plaintiff William Timothy Perrin ("Perrin") alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 206, ("FLSA") and the minimum wage laws of five states: Missouri, Arizona, Florida, Illinois, and Maryland. On September 14, 2011, this Court conditionally certified an FLSA collective action of persons who worked as delivery drivers for Defendants throughout the United States during the three years preceding the filing of the lawsuit, requiring that notice of this litigation be disseminated to 29,000 putative plaintiffs. *See* Doc. 148. Of the putative plaintiffs, 3,841 current and former delivery drivers filed consents to join the collective action.

On May 14, 2014, this Court entered an Amended Case Management Order expressly permitting Defendants to "obtain further discovery with respect to ***all opt-in plaintiffs*** by way of a mailed questionnaire." Doc. 320 at ¶ 4(b) (emphasis added). On May 23, 2014, the questionnaire was sent by Plaintiffs' counsel to all opt-in plaintiffs, with responses due within thirty (30) days. On June 23, 2014, Plaintiff produced Questionnaires and related documents from 320 opt-in plaintiffs. On or about that date, and after discussion between counsel, Plaintiffs' counsel sent a reminder letter to all opt-in plaintiffs who had not yet responded.

On July 2, 2014, Plaintiff produced Questionnaire responses and related documents from an additional 72 opt-in plaintiffs. On July 15, 2014, Plaintiffs' counsel produced Questionnaire

2

responses and related documents from an additional 177 opt-in plaintiffs. On July 28, 2014, Plaintiff produced Questionnaires and related documents from an additional 133 opt-in plaintiffs.

To date, there are 3,139 opt-in plaintiffs - including the named Plaintiff, Perrin - who have failed to provide a completed Questionnaire. A list of those opt-in plaintiffs who have failed to provide a completed Questionnaire is attached hereto as Exhibit 2.

## LEGAL ARGUMENT

**I.      Every Opt-In Plaintiff Must Respond to the Questionnaire.**

Because each opt-in plaintiff affirmatively opted in to this litigation, and because this Court ordered each opt-in plaintiff to respond to a discovery questionnaire, every opt-in must respond to the Questionnaire attached as Exhibit 1. First, the FLSA provides: "No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party" 29 U.S.C. § 216(b). Thus, the opt-ins are party plaintiffs to this litigation subject to discovery under the Federal Rules of Civil Procedure, including the Questionnaire at issue. Courts, including this one, routinely permit such discovery on plaintiffs opting into an FLSA collective action – and dismiss opt-ins who fail to comply. *See, e.g., Arnold v. Directv, Inc.*, No. 4:10-cv-00352-JAR, Doc. 214 (E.D.Mo. July 14, 2014) (granting motion to dismiss 763 opt-in plaintiffs, in putative class of 1,421, who failed to respond to discovery questionnaire in FLSA collective action); *Wilson v. Food Lion, Inc.*, 1998 U.S. App. LEXIS 11809, at *34-36 (4th Cir. June 4, 1998) (holding that district court acted within discretion when it dismissed the claims of "post-notice plaintiffs" who failed to properly execute and return questionnaires within time ordered by court); *Hinterberger v. Catholic Health Sys.*, 2013 U.S. Dist. LEXIS 73144, at *1617 (W.D.N.Y. May 21, 2013) (dismissing claims of "non-responsive" opt-in plaintiffs who failed to answer written discovery as ordered); *Zanes v. Flagship Resort Dev., LLC*, 2012 U.S. Dist.

LEXIS 23083, at *11-12 (D.N.J. Jan. 30, 2012), *adopted by Zanes v. Flagship Resort Dev., LLC*, 2012 U.S. Dist. LEXIS 23066 (D.N.J., Feb. 22, 2012) ("Astick, Alston, Malter and Moore willfully refused to cooperate in discovery, and their conduct manifests their intention not to produce discovery or to comply with the Court's Orders. This being the case, there is no lesser alternative sanction available to Flagship than to dismiss plaintiffs' claims."); *Zavala v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 74960, at *9-10 (D.N.J. Sept. 26, 2008) ("[I]n an Order dated April 4, 2007, Magistrate Judge Arleo directed Plaintiffs to 'produce completed FLSA questionnaires for each claimant who intends to pursue claims.' . . . To permit potential claimants to pursue claims without completing the Second Questionnaire would be contrary to Magistrate Judge Arleo's directive."). Accordingly, each opt-in plaintiff should be compelled to respond to the Questionnaire.

Second, in accordance with such legal authority, this Court's May 2014 CMO has already established Defendants' right to receive a completed questionnaire from each plaintiff. Doc. 320 at ¶ 4(b). The single-page questionnaire for each vehicle a plaintiff used during the scope of his or her work, which is a form agreed to and revised by Plaintiffs' counsel, does not place an undue burden on any particular plaintiff. But without questionnaires from all the opt-in plaintiffs, Defendants will suffer severe prejudice in their defense of this case, including in preparing a motion to decertify this case and preparing for trial. Questionnaires from all opt-ins are necessary to enable Defendants to prepare a complete summary of all Questionnaire responses to both their expert and this Court, to demonstrate the individual nature of Plaintiffs' claims, and why they cannot be tried on a representative basis. As such, this Court should compel each opt-in to respond to the Questionnaire forthwith.

**II.     This Court Should Dismiss the Claims of All Opt-Ins Who Fail to Respond to the Questionnaire.**

This Court should dismiss any opt-in plaintiff's claims who fails to timely respond to the Questionnaire for willful violation of this Court's order to provide discovery. Federal Rule of Civil Procedure 37(b)(2)(A) states that if any party "fails to obey an order to provide or permit discovery," the court may sanction the disobedient party, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). Under Eighth Circuit authority, dismissal under Rule 37(b) is appropriate if "there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). Each element is satisfied here.

First, this Court's Amended CMO provides that Defendants can obtain discovery from ***all opt-in plaintiffs*** by way of a mailed questionnaire, which therefore requires each and every opt-in plaintiff to respond to the questionnaire. To date, more than 80% of the opt-ins – including Perrin himself – have failed to return the Questionnaire, despite that it was due on June 23, 2014, and despite that they have received three separate reminders to provide the completed questionnaires. Further, upon this Court's entry of the order requested herein compelling Plaintiffs to respond to the Questionnaire, Plaintiffs will be in violation of a second order from this Court compelling discovery.

Second, the violation is and will continue to be willful. A violation is willful when the disobedient party "acted intentionally as opposed to accidentally or involuntarily." *Spencer v. Lawson Screen Prods., Inc.*, 2006 U.S. Dist. LEXIS 42547, at *5 (E.D. Mo. June 23, 2006) (quotation marks and citations omitted); *see also Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 97 (8th Cir. 1971) ("Willful as used in the context of a failure to comply with a court order . . . implies a conscious or intentional failure to act, as distinguished from accidental or

involuntary noncompliance."). The recalcitrant opt-ins cannot claim that their omission is accidental or involuntary. To the contrary, they have ignored not only the initial response deadline of June 23, but also three reminders in failing to provide the requested questionnaire.

*Green v Plantation of Louisiana, LLC*, a hybrid FLSA/Rule 23 action, is also directly analogous and aptly demonstrates this point. 2012 U.S. Dist. LEXIS 146164 (W.D. La. Sept. 17, 2012). Despite a court order directing them to answer written discovery requests, the opt-ins there, like those in this case, simply ignored the written discovery, conduct the court deemed willful. *See id.* at *5-6, 10. As a result, the court granted the defendant's motion to dismiss several opt-ins pursuant to Rule 37(b)(2)(A). As in *Green*, this Court should likewise dismiss wayward opt-ins.

Third, the opt-ins failure is prejudicial to Defendants. "A finding of 'prejudice' under Rule 37(b) is proper if the failure to make discovery impairs an opponent's ability to determine the factual merits of a party's claim." *In re O'Brien*, 351 F.3d 832, 839 (8th Cir. 2003); *see also Schoffstall*, 223 F.3d at 824 (concluding prejudice existed where plaintiff's misconduct forced defendants to spend time "hounding" plaintiff for discovery instead of defending the case and preparing for trial). Courts recognize the importance of opt-in questionnaires in litigation like this one to resolve decertification motions. *See Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 531 (3d Cir. Aug. 9, 2012) ("The questionnaires demonstrate that the opt-in plaintiffs worked at dozens of different stores, for numerous different contractors, with various pay amounts and methods."); *Nerland v. Caribou Coffee Co.*, 564 F. Supp. 2d 1010, 1016 (D. Minn. 2007) (relying on opt-in questionnaire responses to resolve decertification motion under FLSA and motion to certify Rule 23 state claim class). And, courts regularly dismiss opt-in plaintiffs in

6

wage-and-hour collective actions who violate discovery orders, including those who fail to respond to approved discovery questionnaires within the time ordered. *See* Section I, *supra*.

Indeed, this Court recently decided this very issue, holding: "The failure of [] Opt-Ins to respond to the questionnaire makes it impossible for the Court to determine whether they are similarly situated such that they could proceed collectively in this action." *Arnold*, No. 4:10-cv-00352-JAR, Doc. 214 (E.D.Mo. July 14, 2014) (granting motion to dismiss more than 50% of the opt-in plaintiffs because their failure to respond was prejudicial to defendants). As in *Arnold*, the opt-in plaintiffs here, by failing to respond to the questionnaire, have deprived Defendants of critical information relevant to this litigation, including information necessary to prepare for depositions and present a decertification motion. The questionnaire responses are critical evidence that Defendants will rely on to demonstrate that no two plaintiffs are similarly situated, much less the entire class. <u>The non-responsive opt-ins are withholding this evidence while remaining in the lawsuit</u>, thereby impairing the Defendants' ability to determine the factual merits and defend this case. The recalcitrant opt-ins cannot "have their cake and it eat too," by remaining as a party to this case, while thwarting Defendants' ability to move for decertification by opting-out of responding to Court-ordered discovery. Here, as in *Arnold*, the Court should dismiss the non-compliant opt-ins without prejudice.

## **CONCLUSION**

Because the opt-in plaintiffs have failed to comply with this Court's Case Management Order, this Court should compel them to do so by entering an order requiring them to respond to the Questionnaire attached as Exhibit 1 by August 25, 2014. This Court should further dismiss any opt-in plaintiffs who fail to respond to the Questionnaire by the deadline.

WHEREFORE, Defendants Papa John's International, Inc. and Papa John's USA, Inc. hereby request this Court to enter an order providing as follows:

(a) Plaintiffs' counsel will immediately re-serve the Questionnaire on each opt-in plaintiff identified on Exhibit 2, with instructions to complete the Questionnaire and place it in the mail no later than August 25, 2014;

(b) Plaintiffs' counsel shall advise each opt-in plaintiff identified on Exhibit 2 that his or her failure to respond to the Questionnaire will result in dismissal of his or her claims without prejudice;

(c) Plaintiffs shall immediately produce all Questionnaire responses as received;

(d) On or before September 5, 2014, Defendants will file with the Court a list of all opt-in plaintiffs who failed to complete the Questionnaire and place it in the mail on or before August 25, 2014. Defendants' and Plaintiffs' counsel shall confer before the list is filed with the Court to ensure no opt-in plaintiff who timely mailed a Questionnaire is included on the list; and

(e) The opt-in plaintiffs on the list filed with the Court on or before September 5, 2014, shall be dismissed without prejudice.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.


By: */s/ Eric A. Todd*
Patrick F. Hulla, #4296711
4520 Main St., Suite 400
Kansas City, MO  64111
(816) 471-1301
(816) 471-1303  *(Facsimile)*
patrick.hulla@ogletreedeakins.com

8

    and

    Rodney A. Harrison, #83160
    Eric A. Todd, #51804
    David L. Schenberg, #44527
    7700 Bonhomme Avenue, Suite 650
    St. Louis, MO  63105
    (314) 802-3935
    (314) 802-3936  *(Facsimile)*
    rodney.harrison@ogletreedeakins.com
    eric.todd@ogletreedeakins.com
    david.schenberg@ogletreedeakins.com

    **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 1, 2014, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all attorneys of record.

    */s/ Eric A. Todd*
    Attorney for Defendants

18582593.1