UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM TIMOTHY PERRIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-01335-AGF |
| | ) | |
| PAPA JOHN'S INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion (Doc. No. 426) to stay this case pending the decision of the United States Supreme Court in *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791 (8th Cir. 2014), *cert. granted*, No. 1401146, 2015 WL 1278593 (U.S. June 8, 2015).[1] The Court heard argument on the motion to stay on June 16, 2015. For the reasons set forth below, the motion shall be granted, in part.

Plaintiffs brought these class and collective actions against Defendants Papa John's International, Inc. and Papa John's USA, Inc., asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the minimum wage laws of five states (Missouri, Arizona, Florida, Illinois, and Maryland). Plaintiffs, current and former delivery

---

[1] Defendants' motion to stay also requested that the Court continue a hearing set on Defendants' motion to decertify the class and collective actions in this case, pending resolution of the motion to stay. The Court held a telephone conference with the parties on June 12, 2015 with respect to this request, and the parties agreed to argue the motion to stay on June 16, 2015, and to continue the decertification hearing to nine days thereafter. Therefore, the part of Defendants' motion to stay requesting continuation of the decertification hearing is moot.

drivers, allege that Defendants violated these laws by underestimating Plaintiffs' automotive expenses for reimbursement purposes, and consequently, failing to pay them minimum wage.

Defendants require that their drivers maintain safe, legally operable, insured vehicles for making deliveries. In addition to hourly wages, Defendants reimburse their drivers for employment-related vehicle expenses. With the assistance of an industry consultant, Defendants developed a delivery-related vehicle expense reimbursement formula that compensated drivers at a flat, per-delivery rate, regardless of drivers' actual costs-per-mile or actual miles driven.

Plaintiffs allege that Defendants' vehicle expense reimbursement methodology underestimated Plaintiffs' vehicle expenses and that the amount of under-reimbursement effectively reduced Plaintiffs' wages below the applicable minimum wages.

On September 14, 2011, the Court conditionally certified the FLSA collective action based on Plaintiffs' allegation that the drivers were similarly situated in that they were all subject to a single policy which under-reimbursed them for vehicle expenses, decreasing their hourly pay below their respective minimum wages. After discovery was conducted against the opt-in class, Plaintiffs moved to certify the five state-law classes under Federal Rule of Civil Procedure 23(b)(3). Defendants opposed certification primarily on the ground that the individualized showings of each Plaintiff's vehicle expenses predominated over questions common to the classes. On the other hand, Plaintiffs contended that the question whether Defendants' reimbursement formula constituted a reasonable approximation of

drivers' vehicle expenses was common to each class and is the most important issue in the case.

After careful consideration, the Court certified the five state-law classes on December 31, 2013. The Court recognized that using generalized evidence instead of individualized evidence could be troubling in some contexts, but found that it may be acceptable in this case, as Plaintiffs' claims each depend on common questions about the reasonableness of Defendants' policies for calculating and reimbursing vehicle expenses. The Court found that these common questions were sufficient to satisfy the commonality requirement of Rule 23, and predominated over the individualized questions regarding the measurement of damages. In certifying the classes, the Court was also mindful of the possibility that evidence could show that certain Plaintiffs had been paid minimum wage throughout the relevant time period, and that lacking any injury, those Plaintiffs may not have standing. Therefore, although the Court permitted certification, it held that "[i]f later in the litigation it becomes apparent that any of the state classes include individuals who do not have standing, the Court may decertify the class or amend the class definition." (Doc. No. 299 at 16.)

After discovery, Defendants moved to decertify the class and collective actions,[2] asserting two main arguments: (1) that individualized issues will predominate because Plaintiffs must demonstrate that their individual vehicle expenses caused them to receive less than minimum wage, and that even if individual Plaintiffs can estimate these expenses by reasonable inference, they may not do so using group-wide averages based on statistical

---

[2] The decertification motions are fully briefed and are pending before the Court.

samples and composite evidence, as Plaintiffs purport to do here, and (2) that, even under Plaintiffs' theory of the case, the class impermissibly contains uninjured members who lack standing because they suffered no minimum wage violation in any workweek.

In the instant motion to stay, Defendants argue that the Supreme Court's decision in *Bouaphakeo* will provide controlling precedent regarding the two issues raised in their decertification motions, and that staying this case pending the Supreme Court's decision[3] will ultimately save the parties and the Court significant time and resources.

In *Bouaphakeo*, the Eighth Circuit affirmed a jury verdict and a district court's decision not to decertify class and collective actions under the FLSA and the Iowa Wage Payment Collection Law, Iowa Code 91A.1 et seq., which asserted that Tyson did not properly compensate employees for time spent donning and doffing personal protective equipment. *See Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 794 (8th Cir. 2014). Tyson employed a uniform policy of paying a flat amount of "K-code" time to compensate employees for donning, doffing, and walking time, regardless of the actual time employees spent performing these tasks. *Id.* at 795. The plaintiffs in *Bouaphakeo* claimed that the K-code time was insufficient to compensate them for their donning, doffing, and walking time. Although the plaintiffs lacked records for the actual time they spent performing these tasks, they proved liability and damages by using "average donning, doffing, and walking times calculated from 744 employee observations." *Id.* at 796. Specifically, the plaintiffs' expert witness, a statistician, calculated the average donning and doffing time for different groups of employees using statistical sampling techniques. *Id.* at 799. Tyson argued that

---

[3] At oral argument, Defendants stated that they believed the Supreme Court would issue a decision in *Bouaphakeo* within 8-10 months. Plaintiffs did not suggest otherwise.

certification was improper because "factual differences between plaintiffs—differences in PPE and clothing between positions, the individual routines of employees, and variation in duties and management among departments" predominated, and because "evidence at trial showed that some class members did not work overtime" and would be entitled to no damages "even if Tyson under-compensated their donning, doffing, and walking." *Id.* at 797. The Eighth Circuit panel rejected these arguments, over the dissent of Judge Beam. The Eighth Circuit found that the Supreme Court's decision in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1980) ("*Mt. Clemens*"), supported the plaintiffs' use of group averages to prove by "reasonable inference" their donning and doffing time, particularly where Tyson failed to track and keep records of this time. *Id.* at 798-800. The Eighth Circuit also found that the class could proceed, notwithstanding its inclusion of members who did not work overtime, because the jury instructions provided that those members would not be entitled to recover damages. *Id.* at 798.

Tyson filed a petition for a writ of certiorari, asserting two questions presented:

I. Whether differences among individual class members may be ignored and a class action certified under Federal Rule of Civil Procedure 23(b)(3), or a collective action certified under the Fair Labor Standards Act, where liability and damages will be determined with statistical techniques that presume all class members are identical to the average observed in a sample.

II. Whether a class action may be certified or maintained under Rule 23(b)(3), or a collective action certified or maintained under the Fair Labor Standards Act, when the class contains hundreds of members who were not injured and have no legal right to any damages.

Petition for Writ of Certiorari, *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146 (U.S. June 8, 2015), 2015 WL 1285369. The Supreme Court granted Tyson's petition on June 8, 2015.

Plaintiffs argue that *Bouaphakeo* is distinguishable from this case and therefore oppose Defendants' motion to stay. Although Plaintiffs concede that they relied on *Bouaphakeo* to argue that class-certification is appropriate here, they contend that they did so only as an alternative argument. Plaintiffs assert that there are two grounds supporting their use of expert-created group averages and composite evidence to prove liability and damages. The first is that the substantive regulations regarding reimbursable expenses in this case permit employees to prove the amount of their vehicle expenses, for purposes of demonstrating minimum wage liability, on a group-wide rather than an individual basis. These regulations were not at issue in *Bouaphakeo*. The second is that, even if employees are required to prove the amount of their individual expenses, they may do so by reasonable inference, using statistical averages based on a sample. Plaintiffs acknowledge that the second ground directly implicates *Bouaphakeo*, and that if the Supreme Court reverses the Eighth Circuit and holds that plaintiffs cannot prove their claims through group averages, that ground may be undermined. However, Plaintiffs argue that if the Court permits the classes to remain certified on the first ground alone, based on a substantive interpretation of the regulations regarding reimbursable expenses, the Supreme Court's decision in *Bouaphakeo* will not impact this case.

Plaintiffs also argue that the standing issues in *Bouaphakeo* are not relevant to this case because, although there are some class members who admittedly suffered no damages under Plaintiffs' own theory of liability,[4] these class members may be readily identified by

---

[4] Plaintiffs argue that less than 4% of class members suffered no damages, which in this class of more than 18,000 members, amounts to approximately 700 class members. *See* Doc. No. 428 at 11 n.6.

Plaintiffs' experts and will be precluded from recovering damages. At oral argument, Plaintiffs also suggested that the class definition could be revised to exclude these members, but Plaintiffs did not specify how this could be accomplished other than by naming each excluded member in the class definition.

Finally, Plaintiffs argue that staying this case for many months would prejudice them because this case has already been pending for several years, the issues are very complex, and many issues are ripe for ruling. Plaintiffs note that there are several pending motions for partial summary judgment that have been fully briefed in this case and that these motions "present questions that will be relevant even if the case is decertified and proceeds individually, and are not issues impacted by *Bouaphakeo*." (Doc. No. 428 at 8.) Therefore, Plaintiffs submit that the Court should at least rule on the summary judgment motions before determining whether a stay is appropriate.[5]

## **DISCUSSION**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Thus, in considering a motion to stay, the Court weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy. *See SSDD, LLC v. Underwriters at Lloyd's, London*, No. 4:13-CV-258

---

[5] At oral argument, Defendants agreed that their motion to stay was focused on the decertification motions and trial, and that it was likely not necessary to stay a ruling on the summary judgment motions.

CAS, 2013 WL 2420676, at *4 (E.D. Mo. June 3, 2013); *Asarco LLC v. NL Indus., Inc.*, No. 4:11-CV-00864-JAR, 2013 WL 943614, at *3 (E.D. Mo. Mar. 11, 2013).

After carefully considering and weighing all of the competing interests in this case, the Court concludes that a stay is warranted. The potentially dispositive impact of *Bouaphakeo* on the class certification issues in this case, combined with the efficiency of waiting for the Supreme Court's ruling, weighs heavily in favor of granting the stay with respect to Defendants' decertification motions and trial. However, as the parties agree that the pending summary judgment motions are not impacted substantially by *Bouaphakeo*, the Court will rule on these motions.

The Court agrees with Plaintiffs that there are two grounds supporting their use of expert-created group averages and composite evidence to prove liability and damages: one based on a substantive interpretation of the regulations at issue in this case that were not at issue in *Bouaphakeo*, and another based directly on *Bouaphakeo*. The Court has always found the propriety of class certification in this case to be a close call, and in granting initial certification and in considering Defendants' decertification motions, the Court has given weight to both grounds supporting Plaintiffs' use of group-wide averages to prove liability and damages. The Court is not prepared to say that the first ground, alone, is sufficient to maintain class certification here. Rather, the Court continues to believe that the second ground is the stronger of the two grounds, and if nullified by the Supreme Court, may require decertification (or, if trial has gone forward, may require a reversal of certification).[6]

---

[6] For example, both Plaintiffs' briefs in support of certification and the Court's Order granting certification relied extensively on a line of other pizza delivery cases holding that, in proving a minimum wage claim based on unreimbursed vehicle expenses, "a plaintiff

Moreover, significant issues have been raised at the decertification stage regarding the definition of the classes in this case and the inclusion of class members who admittedly lack standing. It is not clear that Plaintiffs' proposed solution to these issues has support in the caselaw, and the Court believes that the Supreme Court's decision in *Bouaphakeo* is likely to provide instruction regarding whether this class may proceed, notwithstanding the presence of uninjured members, and if so, how.

The Court is mindful of the length of time that this case has been pending, and of the proximity of the trial date. However, given the significant impact that the Supreme Court's decision in *Bouaphakeo* is likely to have in this case, the Court finds that staying further proceedings on the motion to decertify and the trial pending the decision would not unduly prejudice Plaintiffs. *See, e.g.*, *Michael v. Ghee*, 325 F. Supp. 2d 829, 831-33 (N.D. Ohio 2004) (staying case pending a decision of the U.S. Supreme Court, after a grant of certiorari, where the Supreme Court's decision was likely to have a dispositive impact on the case, and the risk of prejudice to the plaintiffs from a delay of less than one year did not outweigh the risk of the "wasted and unnecessary" effort that may result from proceeding); *Beydoun v.*

---

may rely on a reasonable estimate of his vehicle-related expenses and need not show his actual expenses." *See* Doc. No. 299 at 15 (citing cases). But these cases, in turn, cite the *Mt. Clemens* line of cases relied on by the Eighth Circuit in *Bouaphakeo*, regarding proof by reasonable inference. *See Darrow v. WKRP Mgmt. LLC*, No. 09-CV-01613, 2011 WL 2174496, at *4 (D. Colo. June 3, 2011) (holding that "FLSA plaintiffs can rely on estimates provided that there is evidence that the estimate is not an unreasonable approximation of the actual figure," and citing as support *Mt. Clemens* and its progeny); *Smith v. Pizza Hut, Inc.*, No. 9-CV-01632-CMA-BNB, 2011 WL 2791331, at *4 n.4 (D. Colo. July 14, 2011) (finding that the plaintiff "may rely on a reasonable estimate of his vehicle-related expenses without knowing his exact expenses," and citing as support *Darrow*, 2011 WL 2174496, at *3); *Wass v. NPC Int'l, Inc.*, No. 09–2254–JWL, 2010 WL 7762621, at *3 (D. Kan. Sept. 1, 2010) (holding that it is not implausible for plaintiffs to plead a collective action claim of this sort "without pleading drivers' actual expenses" because "drivers may be able to estimate their expenses," and citing as support progeny of *Mt. Clemens*).

*Holder*, No. 14–cv–13812, 2015 WL 631948, at *4 (E.D. Mich. Feb. 13, 2015) (holding that where a federal appellate decision in another case was "likely to have precedential effect on questions of subject matter jurisdiction and to resolve at least some of the claims before the [c]ourt," a stay pending that decision was warranted). Indeed, were the case to proceed and rulings related to the class claims were thereafter effectively overruled by the Supreme Court's holding in *Bouaphakeo*, the cost and delay to Plaintiffs could be considerably greater.

However, the Court shall rule on the pending motions for summary judgment. Further, the parties shall reschedule their previously planned mediation conference as soon as possible.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' motion to stay this case is **GRANTED, in part**. (Doc. No. 426.) Notwithstanding the stay, the Court will rule on the parties' pending motions for partial summary judgment, and the parties shall proceed in good faith with a mediation conference. However, all other proceedings in this case are **STAYED** until such time as the Supreme Court comes to a final disposition of *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146.

**IT IS FURTHER ORDERED** that within **seven (7) days** following the Supreme Court's ruling in *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146, Defendants shall file an appropriate motion as to the lifting of the stay.

**IT IS FURTHER ORDERED** that all deadlines previously set, including the hearing on Defendants' motions to decertify set for June 25, 2015 and the trial date of August 10, 2015, are **VACATED**, to be reset as appropriate upon lifting of the stay.

**IT IS FURTHER ORDERED** that this case shall be deemed closed for statistical purposes only, subject to reopening upon lifting of the stay herein imposed or other appropriate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2015.